Coburn *v.* The Whitaker and Garrett Lumber Company.

Filed April 4, 1895.

———————◆———————

No. 1,362.

COBURN *v.* THE WHITAKER AND GARRETT LUMBER COMPANY.

APPEAL.—*Dismissal.—Failure to Perfect Within a Year.—Notice.—* Where a term time appeal is prayed for, but appellant attempts to prosecute his appeal after term, as provided by section 652, R. S. 1894, within the year allowed for appeal, but fails to perfect his appeal within the year by neglecting and failing to give notice to appellee within such time, the appeal will be dismissed, except in case of fraud, accident or excusable mistake.

From the Marion Superior Court.

*J. Coburn,* for appellant.

*S. Claypool* and *J. W. Claypool,* for appellee.

Lotz, J.—This case is before us on a motion to dismiss the appeal.

The record discloses that the judgment from which the appeal is prosecuted was rendered on the 5th day of June, 1893. A term-time appeal was prayed for and a bond given and approved by the court, but a transcript was not filed with the clerk of this court within sixty days, as provided by section 650, R. S. 1894.

The appellant then attempted to prosecute an appeal after the term, as provided by section 652, R. S. 1894, and, on May 17, 1894, filed with the clerk of this court a transcript, assignment of errors, and supersedeas brief, and, on May 28, filed a supersedeas bond and obtained a writ of supersedeas. Nothing further was done until September 12, 1894, when the clerk issued notice to the appellant of intention to dismiss the appeal under rule thirty-five. On September 13th, the appellant caused notice of the appeal to be issued and served upon appellee's attorneys of record.

The statute, section 645, R. S. 1894, limits the time in which appeals may be taken to this court to within one year from the time the judgment is rendered. The appeal must be fully perfected within that time. The filing of the transcript alone within that time is not sufficient. The transcript must be filed and notice of the appeal issued to the appellee within one year from the rendition of the judgment. *Bank, etc.,* v. *Inman,* 133 Ind. 287; *Holloran* v. *Midland R. W. Co.,* 129 Ind. 274.

No notice was issued within the year and upon the face of the record the motion to dismiss should be sustained. The appellant, however, insists that he was mis-

led by the acts of appellee's attorneys. It is made to appear by affidavit that appellee's attorneys obtained the transcript and papers filed in the cause from the clerk, on the 19th day of June, 1894, and retained them in their possession until the 12th day of September; that on two occasions within that time appellant's attorney called at the clerk's office and made inquiry if counsel for appellee had done anything in the case and was informed that appellee's counsel had procured the papers and receipted the clerk for the same; that appellant's attorney supposed that appellee's counsel had procured the papers for the purpose of briefing the case and making defense thereto. It is also made to appear by the affidavit of the clerk that he was instructed by the appellant at the time the transcript was filed not to issue notice to the appellee. This statement of the clerk is uncontradicted.

This court has the inherent power to relieve a party against fraud, accidents and excusable mistakes in proper cases and permit him to perfect his appeal after the expiration of the year. *Bank, etc.*, v. *Inman, supra; Smythe* v. *Boswell*, 117 Ind. 365. The showing here made does not establish that appellee's counsel did anything to mislead appellant or prevent him from perfecting his appeal within the year.

On the 19th of June when appellee's counsel obtained the papers the year for perfecting the appeal had already expired. Any act of theirs after that time can not operate to excuse the appellant in failing to give the notice within the year.

The motion to dismiss is sustained.

Filed Nov. 27, 1894; petition for rehearing overruled March 12, 1895.