Tate *v.* Hamlin *et al.*

[No. 17,611. Filed Sept. 24, 1895. Petition to modify opinion denied Nov. 19, 1895.]

APPEAL.—*Notice.*—An appeal is perfected by filing a transcript with a proper assignment of error thereon, within the time limited for taking an appeal, without the service of notice on the appellee. *pp. 96, 97.*

Tate *v.* Hamlin *et al.*

SAME.—*Notice.—Process.—Statute Construed.*—The notice provided by section 652, Burns' R. S. 1894 (640, R. S. 1881), to be issued by the Clerk of the Supreme Court in appeals after the close of the term at which the judgment is rendered must be served on the appellee. Notice served on appellee's attorney is insufficient. *pp. 96–103.*

SAME.—*Notice.—Dismissal.*—An appeal will not be dismissed for failure properly to notify appellee of the pendency thereof, but the submission will be set aside for such cause. *p. 103.*

From the Marion Superior Court. *Submission set aside.*

*S. M. Shepard, J. E. McCullough, H. N. Spaan, F. Knefler* and *J. F. Berryhill,* for appellant.

*W. V. Rooker, L. C. Walker* and *W. D. Bynum,* for appellees.

McCABE, J.—A special appearance has been entered in this cause by the appellees for the sole purpose of making a motion by them to dismiss this appeal. The reasons assigned in the motion are: (1) That this court is without jurisdiction of the appellees; (2) said appeal was taken without filing a bond, and without notice to these appellees; (3) no notice of appeal was ever issued to or served by any officer of this court, nor was any return of service of notice of appeal ever made to this court by a person authorized by law to make returns to this court.

The appeal, it is conceded, is not a term time appeal, but was taken, if at all, after the close of the term at which the judgment appealed from was rendered. It is therefore a conceded proposition that notice to the appellees is necessary before this court can acquire jurisdiction over them to hear and determine the same. Appellant's learned counsel, however, contend that the appellees have been duly notified of the appeal as the law directs.

On the filing of the transcript, with the assignment

Tate *v.* Hamlin *et al.*

of errors thereon, the clerk of this court issued a notice, directed to the sheriff of this court, commanding him to notify the appellees, naming them, or their attorneys of record, naming them also, that on the 8th day of May, 1895, the appellant had filed in his said office a transcript of the record and proceedings in the cause, naming it, and that at the expiration of thirty days from the service of that writ said appeal would be submitted to said Supreme Court. The return of the sheriff of Marion county states that the writ came to his hands May 9, 1895, on which day he served it by reading the same to the attorneys therein named.

Affidavits filed with the motion show that appellees now reside in the city of Indianapolis, and have ever since the litigation begun, and have not been served with any notice of the appeal, and that their attorneys on whom the process was served had been discharged as far back as 1890, and that appellant knew that fact.

It is contended on behalf of the appellees that if no legal notice of the appeal has been given, the same has not been perfected, and hence no appeal has been taken within the time limited therefor; and as no appeal can be now taken the appeal must be dismissed.

On the other hand, the appellant contends that filing the transcript, with an assignment of errors thereon, within the time limited, perfects the appeal. It is conceded that the transcript and the assignment of errors thereon were filed in time.

The section of the code that regulates ordinary appeals after the term at which the judgment is rendered reads as follows: "After the close of the term at which the judgment is rendered, an appeal may be taken by the service of a notice in writing on the adverse party or his attorney, and also on the clerk of the court in which the proceedings were had, stating

the appeal from the judgment or some specific part thereof; or such appeals may be taken by procuring from the clerk of the court a transcript of the record and proceeding in the suit, or so much thereof as is embraced in the appeal, and filing the same in the office of the Clerk of the Supreme Court, who shall endorse thereon the time of filing, and issue a notice of the appeal to the appellee."

Two methods of giving notice of an appeal are provided for in this section. If the language of the first clause of the section were to be construed according to its strict letter regardless of other sections concerning appeals to this court, we should be constrained to hold that the appeal therein referred to could be taken by giving the notices therein specified without doing anything else. But it has been held by this court that that part of the section must be construed along with the other sections on the subject, and when so construed it means that it is essential to such an appeal that the transcript must be filed within the time limited therefor in other sections. *Johnson* v. *Stephenson*, 104 Ind. 368. It is also well settled by the decisions of this court that the filing of the transcript with a proper assignment of error thereon within the time limited for taking an appeal perfects the appeal without the service of notice on the appellees. *Harshman* v. *Armstrong*, 43 Ind. 126; *Johnson* v. *Stephenson, supra; Wright* v. *Manns*, 111 Ind. 422.

Counsel for appellees, however, contends that, "the giving of notice is just as essential to the perfecting of an appeal as the filing of the transcript and assignment of errors, and all must be done within the time limited for perfecting the appeal," and cite *Holloran* v. *Midland R. W. Co.*, 129 Ind. 274, in support of that proposition.

The notice there involved was not a notice to the appellees, but was a notice to a co-party. While that appeal, like the one before us, was attempted to be taken after the close of the term, yet it did not belong to exactly the same class of appeals, in all respects. The judgment in that case was rendered on May 15, 1888, the transcript filed on November 15, following; and no notice was ever given to the co-party to the judgment, who did not appeal, as required by section 647, Burns' R. S. 1894 (635, R. S. 1881). On March 20, 1891, nearly three years after the judgment had been rendered, the appellee filed a motion in this court to dismiss the appeal. The appellants thereupon procured the written consent of the nonappealing co-parties to appear in this court and decline to join in the appeal, and the appellants filed the same in the clerk's office, and also asked leave to amend their assignment of errors so as to make such nonappealing co-parties parties to the appeal in this court. This court there said: "The appeal cannot be maintained by filing in the clerk's office of this court a written appearance of the judgment defendant not made a party to the appeal, and his refusal to join in the appeal after nearly three years have elapsed from the time of the rendition of final judgment in the circuit court." And the appeal was dismissed for those reasons.

That is far from deciding that notice to the appellee is essential to the perfecting of the appeal, nor is that case in conflict with those cited above, to the effect that filing the transcript with an assignment of errors thereon perfects the appeal without notice to the appellees. The appeal, therefore, in the case before us was duly taken. The question remains whether there has been legal notice of the appeal served on the appellees, and if not, what effect that has on the appeal.

Tate *v.* Hamlin *et al.*

The section quoted provides for two kinds of notice, as already observed, either one of which, at the option of the appellant, may be given. The first is an unofficial notice , and the second kind is an official notice. The first is an unofficial notice because there is no provision that it shall be issued by an officer or served by an officer, while the second is required to be issued by an officer, namely, by the clerk of this court, and section 7801, Burns' R. S. 1894 (5833, R. S. 1881), requires the sheriff of this court or his deputy to serve such notice. The appellant in this case elected to rely alone upon an official notice. He could have written out and served the other kind of notice himself, one on the clerk of the court and the other on the adverse party or his attorney. But he relied on the direction, doubtless, usually given by an appellant to the clerk of this court,—to issue the proper notice of the appeal.

The process, as we have seen, was issued for the appellees or their attorneys, naming them. It was not served on the appellees named therein, but was served on the attorneys that had formerly acted in the case as appellees' attorneys. There is no question but that the process would have been good if it had been served on the appellees therein named. Whether its service on the appellees' attorneys was notice to the appellees must depend on the question whether the clerk of this court had any legal authority to issue notice of an appeal to the attorneys of the appellees. That question is answered in the negative by the express language of the section we have quoted, which requires such clerk to "issue a notice of the appeal to the appellee." In *Vogel* v. *Brown Township,* 112 Ind., at page 301, this court said: "It is apparent, therefore, that the utmost that can be granted the appellant is, that he asked and obtained a writ against the agent, and not against the principal. This, certainly, will not support a judg-

ment against the principal, for the general rule—and it is an elementary one—is, that the summons must issue against the principal, and not against the agent." And in *Vogel* v. *Brown School Township*, 112 Ind., at page 317, it was said: "This case is substantially the same as that of *Vogel* v. *Brown Tp.*, *ante*, p. 299, and is governed by the principles there declared. In this case, as in that, the summons was directed against the agent, and not against the principal. * * * As there was no summons against the school township, there could be no legal notice, and without legal notice there could be no valid judgment. * * * Nor is the objection to the form of the writ; it goes much deeper; it is that the writ was not issued against the defendant, but against another person."

In the case now before us the writ was issued against the appellees, the proper persons, and also against their agents, or their former attorneys, and the service was alone upon such agents. It follows, from the principles announced in the cases cited that there was no legal authority in the clerk to issue the notice of the appeal against the agents of the appellees, even if they had not been discharged long before the process was issued.

Some confusion has crept into the practice of the clerk of this court in issuing process under this section. It seems to have been supposed that if the unofficial notice provided for in the section might be served on the attorney of the appellee, that the official notice might be likewise served. But according to elementary principles declared above, process must go against the principal, and not his agent, unless the contrary is expressly authorized by statute. We have seen the contrary is not expressly, nor even impliedly, authorized by statute as to the official notice provided for in the section now under consideration. The con-

trary is only partially provided for therein as to the unofficial notice authorized. The unofficial notice therein authorized would not be good, served on the appellees' agent and attorney alone. It must also be served on the clerk of the court in which the proceedings were had. So that in no case can service of notice of an appeal to this court on the attorney of the appellee alone confer jurisdiction over the appellee, whether it be an official or an unofficial notice. The notice or process in this case as to its legality and validity stands practically as if it had been issued against the agents or attorneys of the appellees, as it was alone served on them. There being no legal authority in the clerk to issue notice of an appeal to or against the attorneys of an appellee, that part of the writ in this case was void, and consequently its service upon the attorneys named therein was without authority of law and void, and was no legal notice of the appeal to the appellees.

The want of notice to the appellee was held by this court not to be ground for dismissing the appeal, but a proper ground for setting aside the submission in *Johnson* v. *Miller*, 43 Ind. 29. That, we think, is the proper disposition to make of such a case, unless it falls under and is controlled by rule thirty-six of this court. That rule provides that: "Where a cause appealed in vacation has been on the docket ninety days or more, and there is no appearance by the appellee, and no steps have been taken to bring him into court; or where a notice has been issued and proves ineffectual from any cause, and no steps are taken for more than ninety days after the issuance of such ineffectual notice to bring the appellee into court, the clerk shall enter an order dismissing the appeal."

Notice was issued in this case because it was issued against the appellees, the proper parties, though

it also included the attorneys, who, as we have seen, were not the proper persons to issue notice to or against, but that, as we have seen, did not vitiate the notice to the proper parties if it had been served upon them. Therefore, the case does not fall under the first clause of the rule. It does fall under the second clause because the notice proved ineffectual, being served upon the wrong persons.

The notice was served, as we have seen, May 9, 1895, and was returned and filed in the clerk's office of this court on May 18, following. If the fact that it was served on the former attorneys of the appellees instead of being served on appellees makes the notice ineffectual within the meaning of the rule, then the appeal ought to be dismissed. The rule ought to have a reasonable interpretation. It was evidently intended to prevent an appellant from delaying the speedy hearing of the appeal, either through his negligence or design. The case most likely in the minds of the framers of the rule as liable to happen, was where the notice is returned by the officer that the appellee was not found in his county. The failure to take other steps to get notice of the appeal served for ninety days after such return, would clearly be such negligence on part of the appellant as the rule was intended to punish with a dismissal of the appeal. But in the case now before us there was a service of a notice such as the clerk of this court has been in the habit, through misapprehension of the law, and our rules of issuing, and the sheriffs of the several counties of serving, as this was served for years in like cases. And such process, coming as it did from a source so near this court, that the practice has gone unquestioned up to the present case by the bar of the State, under the probable supposition that this court had under some rule or order authorized notice of appeals to be issued and served as this one was.

Tate *v.* Hamlin *et al.*

To hold that the failure to take out other process within ninety days after the return of the notice served on appellees' attorneys, the cause having been submitted on that service, would be to hold that an appeal ought to be dismissed for unintentional and excusable negligence of the appellant under that rule.

In two appeals this court relieved appellants against their excusable mistakes in complying with certain statutory provisions in taking their appeals. *Hutts* v. *Martin,* 131 Ind. 1; *Bank of Westfield* v. *Inman,* 133 Ind, 287. Under the circumstances the appellant's failure to take out other process after his appeal was submitted is not sufficient cause under the rule to warrant the dismissal of the appeal, especially as the appellees have not asked the dismissal of the appeal on that ground.

The conclusion reached renders the other grounds urged for the dismissal of the appeal wholly unimportant, and we do not consider them. The motion to dismiss the appeal for want of notice thereof served on the appellees is overruled, and the submission of the appeal is set aside, at the costs of appellant, with directions to the clerk to issue new notice to the appellees in accordance with this opinion, unless otherwise ordered by the appellant or his attorneys. And the cause is retained on the docket of this court for further action therein.

### On Petition to Modify Opinion.

McCabe, J.—The petition asks us to modify our former opinion and judgment so that the appeal shall be dismissed for a failure of appellant to comply with rule thirty-six of this court. It seems to be supposed that we would have done so at first if such relief had been asked by the appellees.

Appellees' counsel vigorously complain that the de-

cision presents the anomalous aspect of holding that an appellant is entitled to relief on the ground of excusable neglect where he causes process to issue to and be served on agents whose authority has expired five years previously to the knowledge of the appellant. Counsel says: "How preposterous it would be for one to direct process to a person whom he knew had been out of life five years, and then when his action was challenged to urge that his neglect was excusable. Such is the exact force of this decision. It will lead to more confusion in the *nisi prius* courts than has ever followed from any decision defining excusable neglect." Just what the *nisi prius* courts will ever have to do with a question of practice in this court under one of its written rules touching the dismissal of appeals in this court for negligence, is something the learned counsel has not deigned to enlighten us upon.

Since counsel is so emphatic in opposition to excusing the neglect of the other side to comply with the strict letter of one of our rules, it might be well for him to inquire whether he has not, by his own neglect, waived the point he is now urging. He entered a special appearance in this court for the appellees for the sole purpose, as stated in the motion to move to dismiss the appeal for want of jurisdiction, in that appellees had not been served with notice.

The only reason urged in argument in support of the motion was that the appeal was not perfected or taken without the service of such a notice, and as the time limited for taking an appeal had expired, the attempted appeal should be dismissed.

Having decided that the appeal is, and was perfected by filing the transcript with a proper assignment of error indorsed thereon, we went beyond the brief and argument of counsel and inquired what effect rule thirty-six of this court had upon the question.

Counsel, abandoning his former position, comes now and asks this court, under the guise of a motion to modify its former judgment, to dismiss the appeal for failure of appellants to comply with rule thirty-six of this court. No such reason for dismissing the appeal was hinted at, or suggested, in the argument, though appellees' learned counsel filed two able briefs in support of the motion to dismiss. And yet counsel gravely tell us that "this result of the court's ruling cannot be regarded otherwise than astounding," because we presume that the motion to dismiss was not sustained on grounds never mentioned and presumably never thought of by the learned counsel before the decision was made.

What we meant in the original opinion was, that while the case falls within the strict letter of the last clause of rule thirty-six of this court, yet it did not fall within the spirit of the rule. We did not intimate, nor intend to intimate, that a failure to comply with the regulations provided by statute or the rules of this court in taking and perfecting appeals here could be excused on the ground that the party or his attorney did not or could not understand the law or the rule of the court. But we meant simply that the practice of the clerk of this court of many years' standing, and seemingly sanctioned by this court, of issuing process against the attorneys of appellees had afforded just grounds for misleading the attorneys of the State into the erroneous supposition that this court was of opinion that such practice was authorized by the statute. And, hence, to apply the rule to appeals heretofore taken to the extent of dismissing the appeal for want of compliance with the rule would be to punish a party by a dismissal of his appeal without cause, or for his negligence seemingly superinduced by this court. A failure to comply with the rule in appeals here-

after in this respect, and a failure to take action in appeals heretofore taken within ninety days after the announcement of this decision, may subject such appeals to dismissal under the rule.

Counsel interested in another appeal where the appellee is a nonresident, have supposed our former opinion held that service on an attorney of record is worthless. That is not the holding. The holding was, that service of notice on an attorney *alone* would not be good, even if it was that kind of notice authorized to be served on the attorney of the adverse party, because the provision authorizing such notice requires notice also to be served on the clerk. But counsel in the other case call our attention to the section providing for publication notice, where, as in their case, the appellee is a nonresident of the State. It reads as follows: "Whenever it shall appear to the supreme court, by satisfactory proof, that the appellee in a cause appealed after the close of the term, is not a resident of this state, and that a notice of the appeal cannot be served upon the attorney of record in the court below, the court may order that notice of the pendency of the appeal be given in some newspaper printed and published in this State, for three weeks successively; after which the court shall proceed in all respects as if the defendant had been served with process." Section 663, Burns' R. S. 1894 (651, R. S. 1881).

The meaning of this section is, that if the notice provided for in the section referred to in the former opinion cannot be given by reason of the nonresidence of the appellee, and that no service of the unofficial kind of notice can be got upon his attorney of record, notice may be given by publication. The two sections must be construed together. If the appellee is a nonresident of the State and service of notice cannot be got on his attorney of record, then neither kind of notice

of the appeal, as provided in section 652, Burns' R. S. 1894 (640, R. S. 1881), can be given.      Because the appellee is out of the State and a summons cannot be served on him.      The other kind, the unofficial notice, cannot be given because, as we before held, to make it complete, it must be served both upon the clerk of the trial court and the attorney of the adverse party.      The meaning of the section just quoted is, that it must be shown that neither kind of notice provided for in the former section can be given before publication notice can be ordered.

When the appellee is shown to be a nonresident of the State, and that service of notice cannot be got on his attorney of record, then it is shown that neither kind of notice provided for in the former section can be given, even though notice may be served on the clerk; and then, and not till then, is the appellant entitled to an order for publication notice.

The petition is overruled.