## HOEGER v. CITIZENS STREET RAILROAD COMPANY.

[No. 5,508. Filed April 19, 1905.]

1. APPEAL AND ERROR.—*Time for Taking Appeal.*—Where judgment was rendered by the trial court on October 26, 1903, and the transcript and assignment of errors filed and notice of appeal issued on October 26, 1904, such appeal is within the time given by §645 Burns 1901, §633 R. S. 1881, the rule for computing the time being to exclude the day on which judgment was rendered and to include the last day of the time given. p. 290.

2. APPEAL AND ERROR.—*Vacation Appeal.*—*Requisites.*—Filing the transcript and assignment of errors and the issuance of notice to the parties perfects an appeal, actual service of such notice within the year as fixed by §645 Burns 1901, §633 R. S. 1881, not being necessary. *Coburn* v. *Whitaker & Garrett Lumber Co.* (1895), 12 Ind. App. 340; *Bank of Westfield* v. *Inman* (1892), 133 Ind. 287; *Holloran* v. *Midland R. Co.* (1891), 129 Ind. 274, distinguished. (Wiley, J., concurring.) p. 290.

From Superior Court of Marion County (54,163); *John L. McMaster,* Judge.

Action by Lewis E. Hoeger against the Citizens Street Railroad Company. From a judgment for defendant, plaintiff appeals. Appellee moves to dismiss the appeal. *Motion overruled.*

*Frederick W. Cady,* for appellant.
*W. H. Latta,* for appellee.

COMSTOCK, C. J.—1. Appellee moves to dismiss the appeal in this case upon the ground that it was not taken within the time limited by the statute. The judgment was entered on October 26, 1903, and transcript and assignment of errors filed and notice of appeal issued October 26, 1904. The time in which an appeal to this court may be taken is limited to one year. §645 Burns 1901, §633 R. S. 1881. The time is computed by excluding from the count the day on which judgment was rendered, and including the last day of the time. *Noble* v. *Murphy* (1867), 27 Ind. 502; *State, ex rel.,* v. *Thorn* (1867), 28 Ind. 306; *Byers* v. *Hickman* (1871), 36 Ind. 359; *Wright* v. *Manns* (1887), 111 Ind. 422. The transcript and assignment of errors were filed, therefore, within the time.

2. But it is argued that perfecting an appeal within §645, *supra,* does not consist simply in filing a transcript of the proceedings and assignment of errors within the year, but includes also the issuing of notice of the appeal by the clerk of the court, and the placing of the notice in the hands of the sheriff. In support of this claim appellee cites:

*Coburn* v. *Whitaker & Garrett Lumber Co.* (1895), 12 Ind. App. 340; *Bank of Westfield* v. *Inman* (1892), 133 Ind. 287; *Holloran* v. *Midland R. Co.* (1891), 129 Ind. 274.

In *Coburn* v. *Whitaker & Garrett Lumber Co., supra,* judgment was rendered on the 5th day of June, 1893, and on May 17, 1894, a transcript and assignment of errors were filed in the office of the Clerk of the Supreme Court, and nothing further was done until September 13, 1894, when the appellant caused notice to be issued and served upon appellee's attorney of record. The court said: "The statute, §645 Burns 1894 [§633 R. S. 1881], limits the time in which appeals may be taken to this court to within one year from the time the judgment is rendered. The appeal must be fully perfected within that time. The filing of the transcript alone within that time is not sufficient. The transcript must be filed and notice of the appeal issued to the appellee within one year from the rendition of the judgment. *Bank of Westfield* v. *Inman* [1892], 133 Ind. 287; *Holloran* v. *Midland R. Co.* [1891], 129 Ind. 274."

In *Bank of Westfield* v. *Inman, supra,* upon motion to dismiss the appeal, appellant was granted leave to perfect the same, and it was held that where an appellant had done all that the law required of him in perfecting the appeal, and without any fault on his part, but by the mistake and inadvertence of the clerk, notice of the appeal was not given to one of the appellees within the time required by law, that the court had the power to relieve against accident and excusable mistake in course of appeal.

In *Holloran* v. *Midland R. Co., supra,* it was held that an appeal not taken in accordance with §650 Burns 1901, §638 R. S. 1881, providing for appeals in term time, required notice to be given; that §647 Burns 1901, §635 R. S. 1881, provides that a part of several coparties may appeal, but in such cases they must serve notice of the appeal upon the other coparties, and file proof

thereof in the Supreme Court; that where a part of several coparties appeal without complying with §§647, 650, *supra,* the defect can not be remedied after the time limited for effecting appeals has expired, by filing in the Supreme Court a written appearance of a party not appealing, and his refusal to join in the appeal.    These cases can not be said to support appellee's claim.    Upon the other hand, it has been held "That the filing of the transcript with a proper assignment of error thereon within the time limited for taking an appeal perfects the appeal without the service of notice on appellees."    *Tate* v. *Hamlin* (1895), 149 Ind. 94; *Harshman* v. *Armstrong* (1873), 43 Ind. 126; *Johnson* v. *Stephenson* (1886), 104 Ind. 368; *Wright* v. *Manns, supra.*

The last cases above named are cited in *Tate* v. *Hamlin, supra,* and in the opinion reference is made to *Holloran* v. *Midland R. Co., supra,* the court holding that it is not in conflict with the opinions cited in the case then under consideration.    The rule in the case last named is recognized in *John V. Farwell Co.* v. *Newman* (1897), 17 Ind. App. 649, and in *Daugherty* v. *Brown* (1898), 21 Ind. App. 115. So far as *Coburn* v. *Whitaker & Garrett Lumber Co., supra,* appears to be in conflict with *Tate* v. *Hamlin, supra,* it has ceased to be the law.    The question raised by the motion, we think, has been decided adversely to the claim of appellee.

Motion to dismiss appeal overruled.

WILEY J.—I concur in the result.    The facts in this case are so far different from those in *Coburn* v. *Whitaker & Garrett Lumber Co., supra,* that I do not think the two cases are in conflict upon the point in issue.