## ANTIOCH BAPTIST CHURCH ET AL. *v.* MORTON ET AL.

### [No. 8,499. Filed Feburary 21, 1913.]

1. APPEAL.—*Notice of Appeal.—Sufficiency.*—By §681 Burns 1908, §640 R. S. 1881, two methods of giving notice of an appeal are provided for, one official and the other unofficial, either of which, if followed, constitutes sufficient notice. p. 547.
2. APPEAL.—*Notice of Appeal.—Service.—Sufficiency.*—Under §681 Burns 1908, §640, R. S. 1881, providing the method of giving notice of an appeal, unofficial notice may be served on appellees personally, or their attorney of record and the clerk of the court below, but if service is sought through an official notice, resident appellees must be served in person, and non-residents by publication notice, and service on appellees' attorney of record is insufficient. p. 547.
3. APPEAL.—*Notice of Appeal.—Dismissal.*—The court has no jurisdiction and an appeal must be dismissed, where notice of the appeal has not been served in one of the methods provided by §681 Burns 1908, §640 R. S. 1881. p. 548.

From Marion Circuit Court (18,500) ; *Charles Remster,* Judge.

Action by Emma G. Morton and others against the Antioch Baptist Church and others. From a judgment for plaintiffs, the defendants appeal. *Appeal dismissed.*

*Wm. E. Henderson* and *Asa H. Boulden,* for appellants. *Robert W. McBride* and *Caleb S. Denny,* for appellees.

IBACH, C. J.—Appellees, Emma G. Morton, Kate Morton Carroll, Chester Morton and David Morton, appear specially and move to dismiss this appeal, and assign as reasons therefor that, in addition to the four appellees who join in the motion, James Morton and Minnie Morton Anderson are named as appellees in the assignment of errors, and as they

had jointly with these four appellees obtained a judgment in the Marion Circuit Court against appellants, that both of said parties were necessary parties to this appeal, but had not been brought before this court by proper notice.

It appears from the record before us that the transcript and assignment of errors were filed in the office of the clerk of this court on October 19, 1912. Pursuant to the written precipe filed by appellants with the transcript and assignment of errors, the clerk of this court issued to the sheriff of this court the notice of appeal, and the names contained therein were Emma G. Morton, Kate Morton Carroll, Minnie Morton Anderson and son Chester Morton, David Morton, and Caleb S. Denny, attorney of record for appellees. The precipe and the notice did not contain the name of James Morton, and it is admitted by appellants that at the time of the filing of the transcript and assignment of errors, Minnie Morton Anderson was and is now a nonresident of the State of Indiana.

Appellants contend, however, that the statute has been complied with, and that both of the last-named parties have been properly brought into court by reason of the fact that their attorney of record had been properly served by the sheriff of this court. The record bears out the contention of appellants, but the notice thus served on their attorney of record is not service on appellees under the facts of this case. By §681 Burns 1908, §640 R. S. 1881, two

1. methods of giving notice of an appeal are provided for, either one of which methods may be adopted by appellant, and will constitute sufficient notice. The first is an unofficial notice, because there is no necessity for any official acts, while the second form of notice must be issued by the clerk of this court and must be served by the sheriff of this court or his deputy. The notice relied on by

2. appellants in this case was an official notice, and was issued to and served only on the attorney who had represented the two omitted parties, and who were neces-

548    APPELLATE COURT OF INDIANA,

Moore-Mansfield, etc., Co. v. Marion, etc., Co.—52 Ind. App. 548.

sary parties to this appeal. Such service of the official notice was without authority of law, and is not legal notice to appellee of the appeal. This holding is fully supported by the case of *Tate* v. *Hamlin* (1895), 149 Ind. 94, 41 N. E. 356, 41 N. E. 1035. If the party adopts the first method of serving an unofficial notice, he may do so by serving appellees personally, or their attorney of record and the clerk of the court below; but if he adopts the second method, and seeks service through an official notice, resident appellees must be served in person, and nonresidents by publication notice, and service on the attorneys of record of appellees is insufficient.

3.    The court therefore has no jurisdiction, and the appeal is dismissed.

NOTE.—Reported in 100 N. E. 874.  See, also, under (1) 2 Cyc. 865; (2) 2 Cyc. 868; (3) 2 Cyc. 873.