## BECHTELL *v.* THE CENTRAL STATION ENGINEERING COMPANY ET AL.

[No. 22,415. Filed December 17, 1914.]

1. APPEAL.—*Vacation Appeal.*—*Notice.*—*Service.*—Where an appeal is taken under the first clause of §681 Burns 1914, §640 R. S. 1881, relating to vacation appeals, notice must be served upon the appellee or his attorneys and upon the clerk of the court from which the appeal is taken; and, if taken under the second clause, no notice to the clerk of the trial court is contemplated, but appellant must file his transcript in the office of the clerk of the Supreme Court, whose duty it is to give notice of such appeal to the adverse parties. p. 570.

2. APPEAL.—*Vacation Appeal.*—*Dismissal.*—Where a vacation appeal was attempted under the first clause of §681 Burns 1914, §640 R. S. 1881, but appellant failed to notify the clerk of the trial court of his intention to appeal, a precipe for notice, filed more than ninety days after the transcript was filed, and after the time allowed by law for perfecting the appeal, came too late, and required a dismissal of the appeal. p. 570.

From Hendricks Circuit Court; *James L. Clark,* Judge.

Action by Fred M. Bechtell against The Central Station Engineering Company and others. From a judgment against him in favor of Shelby, Shelby and Norwood, plaintiff appeals; and from a judgment against The Central Station Engineering Company and others, they appeal. The original title of this appeal is Fred M. Bechtell v. The Central Sta-

tion Engineering Company *et al.*, and The Central Station Engineering Company *et al.* v. Fred M. Bechtell, No. 22,415, but for convenience in reporting and citing the case it is herein entitled Bechtell v. The Central Station Engineering Company *et al.* *Appeal dismissed.*

*George C. Harvey, Samuel R. Artman* and *William H. Smith* for appellant Bechtell.

*Harry C. Sheridan* and *Earl F. Grube,* for appellants The Central Station Engineering Company *et al.*

*Ira M. Sharp,* for appellee Shelby, Shelby and Norwood.

ERWIN, C. J.—This is an attempted appeal by Fred M. Bechtell from a judgment against him in favor of Shelby, Shelby and Norwood, and an appeal by The Central Station Engineering Company *et al.* from a judgment against them in favor of appellee Bechtell. These judgments were rendered in the Hendricks Circuit Court on July 12, 1912. On June 12, 1913, a transcript was filed in this court on which Bechtell and The Central Station Engineering Company, *et al.,* assign errors. The first mentioned assignment questions the second conclusion of law; the second mentioned assignment of error questions the first conclusion of law. A motion to dismiss this appeal of Bechtell was made on the part of Shelby, Shelby and Norwood, on the grounds that no notice was served on the clerk of the Hendricks Circuit Court, before filing the transcript in this court, or for more than ninety days thereafter. It appears from the record in this case, that appellant Bechtell served notice upon the Central Station Engineering Company, Gilham, Gifford and Wallace, and upon Shelby, Shelby and Norwood, of his intention to appeal. The appellants, The Central Station Engineering Company, Gilham, Gifford and Wallace, served notice upon the other parties hereto of their intention to appeal, all of which notices were served, and acknowledgments made of same prior to the filing of the transcript in this court, but no notice was served by either party upon the clerk of

the Hendricks Circuit Court, prior to the filing of the transcript in this court.

The statute authorizing vacation appeals to this court has provided the manner of giving notice in case of appeal and is as follows: "After the close of the term at which the judgment is rendered, an appeal may be taken by the service of notice in writing on the adverse party or his attorney, and also on the clerk of the court in which the proceedings were had, stating the appeal from the judgment or some specific part thereof; or such appeals may be taken by procuring from the clerk of the court a transcript of the record and proceeding in the suit, or so much thereof as is embraced in the appeal, and filing the same in the office of the clerk of the Supreme Court, who shall endorse thereon the time of filing, and issue a notice of the appeal to the appellee." §681 Burns 1914, §640 R. S. 1881. It will be noticed that if an appeal is taken under the first clause of this statute, it is incumbent upon appellant to serve notice, not only upon appellees or their attorneys, but upon the clerk of the court from which the appeal is taken, of his intention to appeal. *Antioch Baptist Church* v. *Morton* (1913), 52 Ind. App. 546, 100 N. E. 874; *Tate* v. *Hamlin* (1895), 149 Ind. 94, 107, 41 N. E. 356, 1035. Under the second clause of this statute if a party desires to appeal, he must file his transcript in the office of the clerk of this court, and the clerk shall give notice of such appeal to the adverse parties, and in which case it seems no notice to the clerk of the trial court is contemplated. *Antioch Baptist Church* v. *Morton, supra; Tate* v. *Hamlin, supra.*

The law under which this appeal is attempted makes the provision that appeals may be taken at any time within the year, and is not governed by the limitations as fixed in the act of 1913 (Acts 1913 p. 65, §672 Burns 1914), as the judgment in this case was rendered before the enactment of 1913. However it has been decided by this

and the Appellate Court that the appeal must be perfected within the year.

It may be said that the dismissal of this appeal by reason of the failure to notify the clerk of the intention to appeal is extremely technical. Chief Justice Taney in *United States v. Curry* (1848), 6 How. 106, 12 L. Ed. 363, answering the objection that the rule was technical said: "But this court does not feel itself authorized to treat the directions of an act of Congress as it might treat a technical difficulty growing out of ancient rules of the common law. The power to hear and determine a case like this is conferred upon the court by acts of Congress, and the same authority which gives the jurisdiction has pointed out the manner in which the case shall be brought before us; and we have no power to dispense with any of these provisions, nor to change or modify them. And if the mode prescribed for removing cases by writ of error or appeal be too strict and technical, and likely to produce inconvenience or injustice, it is for Congress to provide a remedy by altering the existing laws; not for the court."

On October 3, 1913, appellant Bechtell filed in the office of the clerk of this court, a precipe for a notice to adverse parties, and also to the clerk of the Hendricks Circuit Court, but this was more than ninety days after the filing of the transcript, and more than three months after the year for appeal had expired. It was the duty of the clerk of this court where from any cause the notice proves ineffectual and no steps are taken for more than ninety days after the issuance of the ineffectual notice to bring the appellee into court, to enter an order dismissing the appeal. Rule 36 Supreme Court. If the clerk fails to make the entry at the end of ninety days, the court will make such order as soon as its attention is called to the failure of the appellant to give timely notice. *W. C. Hall Milling Co. v. Hewes* (1914), 57 Ind. App. —, 105 N. E. 241; *Cole v. Franks* (1897), 147 Ind. 281, 284, 46 N. E. 532.

It must follow that in this cause appellants have not complied with the law as to taking a vacation appeal, therefore this cause must be dismissed and it is so ordered.

NOTE.—Reported in 107 N. E. 73. See, also, under (1) 2 Cyc. 852; (2) 3 Cyc. 185.