### Roe *v.* Jewel Tea Company.

[No. 10,590. Filed October 15, 1919.]

APPEAL.—*Vacation Appeal.*—*Failure to Perfect.*—*Dismissal.*—Where, in an attempted vacation appeal from a judgment in favor of a foreign corporation, notice of the appeal was served only on the keeper of a livery stable in which a horse and wagon belonging to appellee were kept, though appellee had filed with the secretary of state its certificate appointing an agent for service of process, and the steps required by the statute to perfect a vacation appeal, where no statutory notice is given below, not having been taken, the court on appeal is without jurisdiction over appellee and its motion to dismiss must be sustained.

From Morgan Circuit Court; *Alfred M. Bain,* Judge.

Action by Curtis J. Roe against the Jewel Tea Company. From a judgment for defendant, the plaintiff appeals. *Appeal dismissed.*

*J. E. Sedwick* and *Joseph W. Williams,* for appellant.

*E. F. Branch,* for appellee.

PER CURIAM.—This is an attempted vacation appeal. There was no notice served below. The transcript was filed in the office of the clerk of this court June 18, 1919, and, at the request of appellant's attorneys, notice of this appeal was duly issued by the clerk of this court to "The Jewel Tea Company," to Morgan county, Indiana. This notice, as appears

by this record, was served upon one Ora A. Hite, the keeper of a livery stable in Martinsville, in which stable a horse and wagon belonging to appellee were usually kept.

It further appears by this record that appellee is a nonresident corporation. The appellant in his complaint, as plaintiff in the court below, alleged that it was "a corporation organized under the laws of the State of Illinois." It further appears that the appellee, long before the bringing of this suit, had filed in the office of the secretary of state its certificate of appointment, appointing one William P. Herod as its agent in Indiana, upon whom process might be served, and that he was still such agent at the time of the attempted taking of this appeal, but no notice of any kind was ever served upon him, as such agent, with reference to this appeal. There was no notice to the defendant by any publication, as authorized by statute.

Upon this state of the record, appellee has entered a special appearance and moves to dismiss this appeal.

The steps required by the statute to perfect vacation appeals, where no notice is given below, as authorized by statute, have not been taken in this case, and, as we have no jurisdiction over the appellee, the motion to dismiss must be sustained. *Antioch Baptist Church* v. *Morton* (1913), 52 Ind. App. 546, 100 N. E. 874.

The appeal is therefore dismissed.