SMALLWOOD *v.* KEOUGH ET AL.

[No. 14,656.   Filed October 5, 1932.]

*Jesse B. Fields,* for appellant.
*Robert G. Miller* and *James W. Blair,* for appellees.

KIME, P. J.—Appellant herein has attempted to appeal from a judgment entered against him on December 11, 1931, in the Monroe Circuit Court during the November term thereof.  The appeal was prayed for as a term time appeal, and bond was filed and approved dur-

ing the term at which judgment was rendered, to-wit: December 31, 1931. The transcript was not filed in this court until April 28, 1932, more than sixty days after the filing of the appeal bond, and it does not appear that the court below granted an extension of time for the filing of said transcript, as provided by the Acts of 1917, p. 71, Sec. 698 Burns Ann. St. 1926, wherein the procedure to be followed in order to obtain such an extension is set forth in minute detail. It follows, therefore, that appellant, by failing to obtain an extension of time, has failed to perfect his appeal as a term time appeal, and it then became necessary for him to perfect same as a vacation appeal. This he has not done, as the record plainly shows that no notice of this appeal has been served on the appellees and the clerk of the Monroe Circuit Court, or either of them, as required by Sec. 700 Burns Ann. St. 1926.

In Sec. 700 Burns, *supra,* two methods of taking an appeal are provided. It is under the latter method provided therein that this appellant has attempted to perfect his appeal. He filed a transcript of the record with the Clerk as there provided, but he did not see that a notice of the appeal was issued to the appellee, nor does there appear to be any praecipe for a notice asking or directing the clerk to issue such a notice to anyone. It follows that, in the absence of specific directions as to where the appellee may be found, the clerk of this court cannot issue a notice that could be effectively served. We therefore hold the filing of a proper praecipe to be prerequisite to the giving of notice by the clerk of this court.

Rule 36 of this court provides that "where a case not appealed in term has been on the docket 90 days or more, and there is no appearance by the appellee, and no steps have been taken to bring him into court . . . the clerk shall enter an order dismissing the appeal." As

pointed out above, the transcript herein was filed on April 28, 1932, and no appearance of any kind was made until after the 90-day period had expired. Appellant could have discovered by examination of the records of this court that there was no appearance by the appellee, that no steps had been taken to bring him into court. It is presumed that all appellants are sufficiently interested in their own lawsuits to watch the progress thereof, and when they sit back, seemingly indifferent, and allow the allotted 90-day period to expire without making any move to give this court jurisdiction, they must suffer the penalty of dismissal under Rule 36.

Rule 36 not having been complied with, the clerk is ordered to enter a dismissal of this cause in accordance therewith.