REINHARD *v.* SKINNER.
[No. 15,356.   Filed March 6, 1935.]

*Roscoe D. Wheat,* for appellant.

*James J. Moran,* and *Frank B. Jaqua,* for appellee.

SMITH, C. J.—Appellee, Malcolm V. Skinner, by his counsel, entered his special appearance for the purpose of moving to dismiss this appeal, and thereupon filed such motion.

The first ground of the motion sets forth that the appeal was attempted as a term time appeal, but the transcript and assignment of errors were not filed in this court within sixty days after filing of appeal bond, and no extension of time was granted for the filing of the transcript as provided in the Acts of 1917, p. 71, section 698, Burns Ann. St. 1926, (sec. 2-3204, Burns 1933, sec. 480, Baldwin's Ind. St. 1934) ; and,

there being no appearance by the appellees or either of them except this special appearance, and no steps having been taken to bring them into court, that under rule No. 36 the appeal should be dismissed.

Appellant has filed her answer to this motion to `dismiss, and sets out that judgment was rendered in the lower court on December 3, 1933, and the motion for new trial filed in the trial court by appellant therein was overruled May 25, 1934, and that the transcript was filed in this court on September 12, 1934, "104 days thereafter."

Appellant further says in her answer brief that no notice was given by appellant to the adverse parties, or their attorneys, or to the clerk of the court in which the proceedings were had, but that appellant procured a transcript of the proceedings and this, together with the assignment of errors, was filed in the office of the clerk of this court at the time above stated.

Quoting from appellant's answer brief on the motion to dismiss, she says:

"It was the duty of the clerk to indorse thereon the time of filing as provided in section 2-3206 Burns 1933 Statutes and this statute provides also that the Clerk shall 'issue a notice of the appeal to the appellees.' "

Appellant offers as a reason for not filing a praecipe for notice with the clerk of this court that it was the duty of the clerk to cause the notice of appeal to be issued without such praecipe, and also set up that her attorney "intended to mail a letter of instructions and a praecipe directing the Clerk to indorse on the transcript the date of filing and that it was a vacation appeal and to issue notice to the sheriff" of this court "to be served upon the appellees." She further says: "This letter of directions and the praecipe were never written," but says that sometime thereafter her attorney "received the transcript for the

purpose of preparing appellant's briefs and that there was no sheet for entries of filings and court proceedings attached to or pasted upon the front of said transcript and there was no indorsement thereon of the time of filing of the same and no entries that the same was filed 'In term' or 'a vacation appeal' or any other notation that would be notice to appellant's attorney that the Clerk of this court had concluded, because bond was given, that the appeal was 'In term.' "

This will not excuse appellant for failure to cause notice to be given, for it is not the duty of the clerk to see that proper notice is given to appellees of the appeal. This is the positive duty of the appellant.

Section 700, Burns Ann. St. 1926 (sec. 2-3206, Burns 1933, sec. 482, Baldwin's Ind. St. 1934) provides two methods of taking an appeal after term; one provides for the service of notice below before the filing of the assignment of errors and transcript in this court, and has been termed the "unofficial" notice; the other provides for the service of notice upon the appellees after the filing of the assignment of errors and transcript in this court. It is the latter method which appellant attempts to invoke, although she admits in her answer brief that no notice was ever given to appellees, nor a praecipe for such notice filed with the clerk of this court.

In the case of *Smallwood* v. *Keough et al.* (1932), 95 Ind. App. 75, 182 N. E. 544, this court had under consideration a similar question to the one involved in the instant case, and that case is authority for the dismissal of this appeal.

This case not having been appealed in term, and having been on the docket more than 90 days, and no appearance having been made by appellees, nor any steps taken to bring them into court, rule No. 36 of this court applies, and this appeal is dismissed.