FIELDHOUSE ET AL. *v.* MANROW ET AL.

[No. 16,598. Filed October 15, 1940.]

*Edgar W. Atkinson* and *Hugh G. Sanders*, both of Auburn, for appellants.

*Mountz & Mountz*, of Garrett, for appellees.

BRIDWELL, C. J.—This is an attempted vacation appeal from a judgment rendered on the 23rd day of

December, 1939. A transcript of the record, with appellants' assignment of errors attached, was filed in this court on the 19th day of March, 1940. On this same day appellants filed an acknowledgement of service of notice of appeal, executed by appellees' attorneys on the 14th day of March, 1940. So far as the record discloses no other notice was given either prior to or since the filing of the record and assignment of errors. Appellees have appeared specially and filed their verified motion to dismiss the appeal, asserting as causes therefor that this court lacks jurisdiction because of the failure of appellants to take the steps required by law to perfect an appeal. From averments in the motion it appears that no term-time appeal was perfected; that no praecipe for notice of appeal to the appellees was ever filed with the clerk of this court and no such notice issued; that appellants failed to serve notice of appeal upon the clerk of the DeKalb Circuit Court, where the judgment was rendered. No answer to the motion has been filed by appellants, nor any brief in opposition to the motion to dismiss. Examination of the record shows that the allegations of said motion are true.

When our Supreme Court, in June, 1937, revised the Rules of the Supreme and Appellate Courts of Indiana, they continued in force certain statutory rules then existing, governing and regulating the method of taking appeals to said courts. (See "Statutory Rules," page 4 of such Revised Rules.) Among such statutory enactments adopted is § 2-3206, Burns' 1933, providing two methods for the taking of appeals after term. Where, as in the instant case, appeal is attempted to be taken by the serving of what has often been denominated by both of our courts of review as "unofficial notice," it is essential that "notice

in writing" be served "on the adverse party, or his attorney, and also on the clerk of the court in which the proceedings were had, stating the appeal from the judgment, or some specific part thereof."

The method attempted by appellants for perfecting an appeal was by service of an unofficial notice under the first clause of § 2-3206, Burns' 1933, *supra*, and not otherwise; they failed to comply with the statutory requirements in that they failed to serve notice on the clerk of the court wherein the trial was held and judgment rendered.

The cause had been docketed in this court for more than ninety days prior to the filing of appellees' motion to dismiss, and appellants have made no effort to perfect an appeal under the second clause of § 2-3206, Burns' 1933, *supra;* it is now too late to do so. See Rules 1 and 31 of Revised Rules of Supreme and Appellate Courts, adopted June 21, 1937; *Board of Comm. Morgan Co.* v. *State ex rel. Moulton* (1938), 105 Ind. App. 648, 16 N. E. (2d) 978.

It follows that the motion to dismiss should be, and the same is, sustained. For authorities supporting the conclusion reached, see *Bechtell* v. *Central, etc., Engineering Co.* (1914), 182 Ind. 568, 107 N. E. 73; *Peoples State Bank* v. *Bankers Trust Co.* (1936), 102 Ind. App. 647, 4 N. E. (2d) 674. On the question of the filing of a praecipe in order to secure the issuing of notice of appeal by the clerk of this court, see *Reinhard* v. *Skinner* (1935), 100 Ind. App. 86, 194 N. E. 492; *Smallwood* v. *Keough* (1932), 95 Ind. App. 75, 182 N. E. 544.

The appeal is dismissed.

NOTE.—Reported in 29 N. E. (2d) 354.