ANDERSON ET AL. *v.* LAGOW ET AL.

[No. 27,711.  Filed May 27, 1942.  Rehearing denied June 9, 1942.
Motion to reinstate dismissed September 28, 1942.]

*Hovey C. Kirk,* of Princeton, and *Shuler McCormick,* of Vincennes, for appellants.

*Kessinger, Hill & Arterburn,* of Vincennes, for appellees.

SWAIM, J.—On January 15, 1942, a judgment was entered refusing the probate of a purported last will and testament which the appellants had offered for probate. On the same day the motion for a new trial was overruled, the appellants prayed for and were granted leave to appeal and filed an appeal bond which was approved by the court.

On April 7, 1942, more than sixty days after filing the bond and without any extension of time, the transcript was filed in the office of the clerk of this court. No attempt was made to perfect the appeal as a vacation appeal by serving notice pursuant to the provisions of § 2-3206, Burns' 1933, § 482, Baldwin's 1934.

The appellees appeared specially for the purpose of filing a motion to dismiss the appeal on the grounds that the appellants had failed to file the transcript within sixty days after filing their appeal bond, or within any extended period of time granted by the court, and had likewise failed to take any steps to perfect the appeal as a vacation appeal.

The appellants contend that by Rule 2-2 of the 1940 Revision of the Rules of the Supreme Court the provision of § 2-3204, Burns' 1933, § 480, Baldwin's 1934,

which requires that in taking an appeal during the term the transcript be filed within sixty days after the bond is filed, or within such extended time as the court may allow, has been abrogated; that in taking an appeal during the term the transcript may now be filed at any time within ninety days after the judgment or after the ruling on the motion for a new trial.

As authority for their contention the appellants cite Indiana Pleading and Practice, by Gavit, Vol. 1, 1940 Revision, § 52, which states that while it was not clear whether the 1937 Revision repudiated the statutory requirement that the transcript be filed within sixty days after filing the bond, said requirement was repudiated by the 1940 Revision because Rule 2-2 of the 1940 Rules "in terms covers the subject of the time allowed for taking an appeal and it omits the language of Rule 2 of the 1937 Revision." Sec. 53 of the same text, however, quotes Rule 2-3 of the 1940 Revision, states that this rule covers the same subject-matter as Rule 2 of the 1937 Revision and then says, "It is believed that the change in language is immaterial." The same text also admits (p. 199) that the first sentence of Rule 2 of the 1940 Revision "states in substance the first sentence of Rule 1 of the 1937 Revision" and that "the change in language does not change the law."

Rule 2-1 of the 1940 Rules expressly provides that with the exception of ch. 76, Acts of 1937, "all other rules of appellate procedure and practice adopted by statutory enactment and in effect on June 21, 1937, shall continue in full force and effect, except as herein otherwise provided."

When the 1937 Rules were adopted by this court it was recognized that the time for taking appeals should be shortened. At that time it was provided by statute, (§ 2-3202, Burns' 1933, § 472, Baldwin's 1934) that

appeals in all cases must be taken within one hundred eighty days from the time the judgment is rendered or within one hundred eighty days after the removal of the disability where the appellant is under legal disability at the time the judgment is rendered.

Rule 1 of the 1937 Revision superseded this statutory provision by shortening the maximum time for taking appeals from one hundred eighty days to ninety days. There was no intention to change the law as stated in the first sentence of Rule 1 of the 1937 Revision by the first sentence of Rule 2-2 of the 1940 Revision. This court has held that an appeal is "taken" when the transcript and assignment of errors are filed in the office of the Clerk of this court. *Smythe* v. *Boswell* (1888), 117 Ind. 365, 20 N. E. 263; *Lake Erie etc. R. Co.* v. *Watkins* (1902), 157 Ind. 600, 62 N. E. 443. When it was provided in said Rule 2-2 that the transcript and assignment of errors must be filed within ninety days after the judgment or ruling on the motion for a new trial, it was only intended that such provision should shorten the time of taking an appeal in all cases to not more than ninety days. It was not intended that such provision should be interpreted as lengthening the time in any case where a statute provided for a shorter time than ninety days. In *Roebuck* v. *Essex, Admx.* (1938), 214 Ind. 637, 638, 17 N. E. (2d) 469, we said, "The purpose of Rule 1 (1937 Revision) was to reduce the maximum time for appeals. The rule must be treated as controlling all appeals except those governed by statutes fixing a shorter time." There is nothing in the 1940 Revision of the Rules to justify a different interpretation of Rule 2-2 thereof.

Rule 3 of the 1937 Revision expressly provided that, "If notice of an appeal not taken in term shall be given

below, it shall be sufficient notice if the transcript is filed in the office of the clerk within the time provided for taking appeals under Rule 1," thus expressly giving appellants all of the time left between the time of the service·of such notice and the expiration of ninety days for the filing of the transcript, even though this time might amount to more than the sixty days allowed by Rule 2 of the 1933 Rules.

Rule 2-4 of the 1940 Rules likewise provides that the notice in such a case may be served at any time during the ninety-day period if proof thereof be filed in the office of the clerk of this court at the time the transcript of the record is filed. It is to be noted, however, that neither the 1937 Revision nor the 1940 Revision contains any such rule extending the time within which to file the transcript after filing the bond in an appeal taken during the term.

By Rule 1 of the 1933 Rules and Rule 2 of the 1937 Rules it was provided as follows:

"If an appeal is taken in term time, but the transcript is not filed in the office of the clerk within the time limited, the appeal as of term shall be deemed to be abandoned; and the appeal shall be treated as a vacation appeal taken as of the time when the transcript is filed, and shall be governed as to notice and like matters by the rules and practice governing appeals not taken in term."

This rule was amended and included in the 1940 Rules as follows:

"Rule 2-3. UNPERFECTED TERM APPEAL. If an appeal is begun as a term appeal, but one or more of the steps necessary to perfect such ·appeal is omitted, the appeal may be perfected under the rules governing vacation appeals."

This rule as amended still clearly indicates that the court did not intend by the 1940 Rules to abolish the

distinctions between term appeals and vacation appeals. While the language of the rule was somewhat changed and shortened, the meaning remained the same. The two principal steps in taking an appeal in term are the filing of a satisfactory bond within the time allowed, and the filing of the transcript of the record within sixty days after the filing of the bond or within such extended time as the court may allow. By Rule 2-3 of the 1940 Rules it was recognized that the statutory steps for perfecting a term appeal were still necessary to a term appeal, but that if one or more of such steps were omitted, the appeal might be perfected as a vacation appeal by giving notice as provided by statute.

The provision of § 2-3204, Burns', § 480, Baldwin's, *supra*, as to filing the transcript within sixty days after filing the bond must govern appeals unless we can say that in the 1940 Rules it is "otherwise provided." We find nothing in the 1940 Rules to justify such an interpretation and holding.

By failing to file the transcript within the time provided by the statute, the appellants failed to perfect a termtime appeal.

They have relied on their appeal being a termtime appeal and have taken no steps to perfect the appeal as a vacation appeal under the provisions of § 2-3206, Burns', § 482, Baldwin's, *supra*, and the appellees have not voluntarily appeared. Since it is now too late to bring the appellees into court by the service of any type of statutory notice, the appeal must be dismissed. *Bechtell* v. *Central Station Engineering Co. et al.* (1914), 182 Ind. 568, 107 N. E. 73; *Fieldhouse et al.* v. *Manrow et al.* (1940), 108 Ind. App. 420, 29 N. E. (2d) 354.

The appeal is dismissed.

Shake, J., not participating.

NOTE.—Reported in 41 N. E. (2d) 798.