Shaefer *v.* Nelson.

---

SHAEFER *v.* NELSON.

[No. 1,971.    Filed April 29, 1897.]

APPEAL.—*Notice by Publication.—Statute Construed.*—Under section 652, Burns' R. S. 1894, providing that appellant may have an order for notice by publication only when the appellee is shown to be a nonresident of the State, and that service of notice can not be had on his attorney of record, an appellant is not entitled to an order for the publication of notice against a nonresident appellee where the attorneys of record reside and have their office in the same city with appellant's attorneys, who know the relations of appellee's attorneys to the cause and their place of business, and no attempt has been made to serve notice upon such attorneys.

From the Wabash Circuit Court. *Petition to Reinstate Appeal Overruled.*

*J. B. Kenner* and *U. S. Lesh,* for appellant.

*J. C. Branyan, J. S. Branyan, J. F. France* and *Z. T. Dungan,* for appellee.

COMSTOCK, C. J.—The petition of appellant asks to have the appeal in this case reinstated. The appeal was taken after the close of the term of court at which judgment was rendered. The transcript was filed December 10, 1895. March 18, 1896, appellant filed affi-

davits of nonresidence of appellee, and motion for notice of appeal by publication. The publication was ordered, and proof of publication thereafter filed. February 12, 1897, appellee moved to dismiss the appeal for the following reasons:

First. That the Appellate Court was without jurisdiction of appellee.

Second. That appeal was taken without filing a bond and without notice to appellee.

Third. For failure on the part of appellant to comply with rule XXXVI of this court. ·

The motion was sustained and the appeal dismissed February 26, 1897.

The dismissal, we think, was fully justified by the decision of the Supreme Court in *Tate* v. *Hamlin* (Ind. Sup.), 41 N.E. 1035. It appears by proof satisfactory to the court that appellee was a nonresident of the State; that her attorneys of record resided in and had their office in the city of Huntington, which was also the residence and place of business of the attorneys of appellant; that their relations to the cause and their place of business were well known to the attorneys for appellant; that no notice was attempted to be had upon her attorneys before asking for notice by publication.

In *Tate* v. *Hamlin*, *supra*, it is held that section 663, Burns' R. S. 1894, provides that when it appears to the Supreme Court by proper proof, in a cause appealed after the close of the term, that appellee is a nonresident, and that a notice of the appeal cannot be served on the attorney of record in the court below, the court may order that the notice of the appeal be given in some newspaper for three weeks, etc. Section 652, Burns' R. S. 1894, provides, that after the close of the term an appeal may be taken by service of a notice in writing on the adverse party or his attorney, and also

on the clerk of the court in which the proceedings were had, etc., and that the appellant is entitled to an order for publication notice, only when the appellee is known to be a nonresident of the State, and that service of the notice cannot be had on his attorney of record.

Appellee appeared specially, for the purpose of moving to dismiss the appeal. She never joined in error, or agreed to the submission of the cause, nor entered a general appearance by submitting a brief on the merits of the case.

Appellant, therefore, not being entitled to notice by publication, and there being no general appearance by the appellee, and no service upon her attorneys, nor any attempt to obtain service on them when that service could readily have been had, this court had not jurisdiction, and the appeal was properly dismissed.

Rule XXXVI, referred to in the motion, should be XXXV. Rule XXXV of this court corresponds with rule XXXVI of the Supreme Court. It reads: "Where a cause appealed in vacation has been on the docket ninety days or more, and there is no appearance by the appellee, and no steps have been taken to bring him into court; or where a notice has been issued and proves ineffectual from any cause, and no steps are taken for more than ninety days after the issuance of such ineffectual notice to bring the appellee into court, the clerk shall enter an order dismissing the appeal."

The notice which was ineffectual was issued December 10, 1895. Affidavit for notice by publication was filed March 18, 1896. This is not a compliance with the rule, nor can we say that a sufficient excuse is shown for its nonobservance.

The petition to reinstate the appeal is overruled.