DOUGHERTY v. BROWN ET AL.

[No. 2,679.   Filed November 2, 1898.]

APPEAL AND ERROR.—*Notice by Clerk of Supreme Court.*—*Vacation Appeal.*—Notice of a vacation appeal issued by the Clerk of the Supreme Court, under section 652, Burns' R. S. 1894, must be served upon the appellee, not upon appellee's attorney.   *pp. 115-118.*

SAME.—*Notice.*—*Vacation Appeal.*—The unofficial notice provided for in section 652, Burns' R. S. 1894, is a method of taking a vacation appeal which is perfected by the filing of the transcript within sixty days thereafter, such notice cannot be given after the transcript is filed in the Appellate Court.   *p. 121.*

SAME.—*Notice.*—*Vacation Appeal.*—*Nonresident Appellee.*—*Dismissal.*—Where a vacation appeal has been taken without notice, and the notice issued by the Clerk of the Supreme Court has become ineffectual by being served upon appellee's attorneys instead of upon appellee, and the appellee is a nonresident, the appeal will be dismissed for want of notice, as notice cannot be had by publication under section 663, Burns' R. S. 1894, for the reason that appellee had attorneys of record in the court below upon whom notice might have been served before filing the transcript in the Appellate Court.   *pp. 118-122.*

From the Wells Circuit Court.   *Appeal dismissed.*

*A. N. Martin, W. H. Eichhorn* and *Todd & Todd,* for appellant.

*Joseph S. Dailey, Abram Simmons* and *Frank C. Dailey,* for appellees.

BLACK, J.—The judgment from which this appeal is brought was rendered against the appellant, who was the plaintiff, on the 31st day of December, 1896. The transcript of the record with the appellant's assignment of errors, was filed in the office of the clerk of this court on the 29th day of December, 1897, and thereupon, on the same day, the clerk issued notice of the appeal.   The return of the sheriff of Wells county showed service of this notice on the 30th of December, 1897, upon Sharpe & Sturgis and Dailey, Simmons & Dailey, attorneys of record for the appellees, but did

not show service upon the appellees. On the 29th of January, 1898, the cause was submitted by the clerk of this court under the rule. On the 28th of March, 1898, the appellant filed his brief on his assignment of errors. On the 28th of June, 1898, the appellees, appearing specially, filed their motion to dismiss the appeal, for the reasons that this is a vacation appeal and had been on the docket more than ninety days, and no steps had been taken to bring the appellees into court; that the notice was ineffectual for the reason that it was served only upon said attorneys of the appellees, and not upon the appellees themselves, upon whom no notice whatever of the appeal had been served; that more than ninety days had expired since said ineffectual notice was issued; and that rule thirty-five of this court therefore had not been complied with. On the 9th of July, 1898, the appellant filed in this court proof by affidavit, dated July 8, 1898, of the service of a notice, dated the same day, to Robert F. Cummins, clerk of the Wells Circuit Court, and to Sharpe & Sturgis and Dailey, Simmons & Dailey, attorneys of record for the appellees, who, the affidavit stated, were, and had been since the 28th of December, 1897, and long before, nonresidents of this State, the last mentioned notice being to the effect that the appellant procured from said clerk a transcript of the record in this cause and filed it on the 29th of December, 1897, in the office of the clerk of this court, together with an assignment of errors upon said transcript, and that the appellant did, on said day, appeal to this court from the final judgment in said cause in and by the court below; and the persons notified were cited to appear, etc. On the same day (July 9th 1898), the appellant filed in this court his motion, wherein he asks this court to overrule said motion to dismiss, and further, that the submission herein be set aside, the

reasons stated being in substance a recital of the matters which we have already stated. Rule thirty-five of this court is as follows: "Where a cause appealed in vacation has been on the docket ninety·days or more, and there is no appearance by the appellee, and no steps have been taken to bring him into court; or where a notice has been issued and proves ineffectual from any cause, and no steps are taken for more than ninety days after the issuance of such ineffectual notice to bring the appellee into court, the clerk shall enter an order dismissing the appeal."

By section 652, Burns' R. S. 1894 (640, R. S. 1881), it is provided: "After the close of the term at which the judgment is rendered, an appeal may be taken by the service of a notice in writing on the adverse party or his attorney, and also on the clerk of the court in which the proceedings were had, stating the appeal from the judgment or some specific part thereof; or such appeals may be taken by procuring from the clerk of the court a transcript of the record and proceeding in the suit, or so much thereof as is embraced in the appeal, and filing the same in the office of the clerk of the supreme court, who shall endorse thereon the time of filing, and issue a notice of the appeal *to the appellee.*" It is provided by section 645, Burns' R. S. 1894 (633, Horner's R. S. 1897), that appeals in all cases must be taken within one year from the time the judgment is rendered.

To have a perfected appeal, a transcript must be filed in this court. For taking appeals in vacation two methods are prescribed by section 652 quoted above. To perfect an appeal by the first method, the notices provided for must be given, yet this alone will not constitute the appeal, but the transcript must be filed in this court. *Johnson* v. *Stephenson*, 104 Ind. 368. It is provided by rule two of this court, that when

an appeal is taken and notice is given below, the transcript must be filed in the clerk's office within sixty days from the time of the taking of such appeal, and that if the transcript is not so filed the notice shall be without effect and the appeal treated as abandoned; but that the appellant may, however, afterward, and within the time limited by law, appeal, and in such case the appeal will be deemed to be taken as of the time the transcript is filed in the clerk's office, and shall be governed as to notice, submission and the like matters by the rules and practice which govern in ordinary appeals prosecuted under the general statutory provisions.

When the second method for taking an appeal provided for in section 652, *supra,* is pursued, the appeal is perfected by the filing of the transcript with a proper assignment of errors thereon within the year, without the service of notice on the appellees. *Tate* v. *Hamlin,* 149 Ind. 94, 97, 105. In that case it was also held that service of the official notice provided for in the second branch of said section 652 upon the attorneys of the appellees and not upon the appellees, was without authority of law, and void, and was not legal notice of the appeal to the appellees; and that notice served only on the attorneys of the appellees was ineffectual notice within the meaning of the second clause of said rule thirty-five. In that case, for reasons stated in the opinion, which were regarded as affording an excuse for the appellant, who, pursuing a practice which had theretofore been tolerated, procured service on the appellee's attorney, but not upon the appellee, the Supreme Court set aside the submission and directed the issuing of another notice. It was said, "A failure to comply with the rule in appeals hereafter in this respect, and a failure to take action in appeals heretofore taken within ninety days after

the announcement of this decision, may subject such appeals to dismissal under the rule." The decision in that case was rendered on the 24th of September, 1895, and a petition to modify the opinion was denied November 19, 1895.

By a statute enacted in 1897 (Acts 1897, p. 277, section 640, Horner's R. S. 1897), it was attempted to amend said section 652 so as to permit the service of the official notice upon the attorneys of record. This statute of 1897 was held to be invalid, because of defectiveness of its title, in *O'Mara* v. *Wabash R. Co.*, 150 Ind. 648. The attorneys for the appellant, who do not rely upon the validity of that statute, caused the official notice herein to be issued pursuant to its provisions. This would seem to afford some excuse for the appellant, if the requirement of the second clause of said section 652 for the giving of notice can still be complied with. He sought service pursuant to a statute which had not been held invalid. He was not inexcusably negligent. Section 663, Burns' R. S. 1894 (651, Horner's R. S. 1897), provides: "Whenever it shall appear to the supreme court, by satisfactory proof, that the appellee in a cause appealed after the close of the term is not a resident of this State, and that a notice of the appeal cannot be served upon the attorney of record in the court below, the court may order that notice of the pendency of the appeal be given in some newspaper printed and published in this State for three weeks successively; after which the court shall proceed in all respects as if the defendant had been served with process."

In rule seventeen of this court it is provided, that "if the appellees are not residents of the State, the appellant shall obtain a form of notice from the clerk for publication. * * * Provided, That when the appel-

lees have attorneys of record, and notice has been served upon them according to law, or when notice has been served on resident parties, it shall not be necessary to issue summons or notice for publication."

In *Tate* v. *Hamlin, supra,* it was held, that when the appellee is shown to be a nonresident of the State, and that service of notice cannot be got on his attorney of record, then it is shown that neither the unofficial notice provided for in said section 652, which, to be complete, must be served upon the clerk of the trial court and the attorney of the adverse party, nor the official notice, which must be served on the appellee himself, can be given, though notice can be served on the clerk; and that then, that is, when neither kind of notice provided for in said section 652 can be given, "and not till then, is the appellant entitled to an order for publication of notice."

In the case before us, notwithstanding the affidavit that the appellees are nonresidents of the State, there is no sufficient reason for notice by publication; for it appears that notice could be served on the attorneys of record of the appellees. *Shaefer* v. *Nelson,* 17 Ind. App. 489. After the notice issued by the clerk had become ineffectual, because of the service thereof upon the attorneys alone, the appellant could not obtain the service of an alias notice to the appellees, they being nonresidents, and he could not obtain publication. He sought to bring in the appellees by giving the unofficial notice provided for in the first clause of said section 652. This notice was dated July 8, 1898, and seems to have been induced by the motion to dismiss. *O'Mara* v. *Wabash R. Co., supra,* holding the statute under which he had proceeded to be invalid, was not then decided.

We must either hold the notice of July 8, 1898, sufficient, or we must dismiss the appeal; for the ap-

pellant, it appears, cannot procure service upon the appellees themselves, actual or constructive. Said section 652 provides, that "an appeal may be taken by the service of" the unofficial notice. Section 661, Burns' R. S. 1894 (649, Horner's R. S. 1897), provides: "Upon the request of the appellant, or upon being served with notice as aforesaid" (that is, with the unofficial notice of said section 652), "and, in either case, upon the payment of the proper fee, the clerk shall forthwith make out and deliver to the party, at his request, or transmit to the clerk of the supreme court, a transcript of the record in the cause," etc.

It seems to be intended in the statute and contemplated in the rules of this court, that the unofficial notice provided for in said section 652 shall serve as a method of taking a vacation appeal, which is perfected by the filing of the transcript within sixty days thereafter; and another method of giving notice is provided for where the transcript is filed without the previous giving of the unofficial notice. Service of the unofficial notice is a method of taking an appeal, and not a method of giving notice of an appeal already taken. It seems also to be meant by the statutes that where the appeal is taken by giving the unofficial notice, such notice must be given within the year for taking an appeal. Unless we can say that the unofficial notice may be substituted by the appellant for the official notice, and that an appellant may file the transcript in this court within the year, and after the year may bring the appellee into court by the unofficial notice instead of the official one, we cannot aid the appellant by any indulgence on the ground of excusable neglect or failure. The appellees must in some legal method be brought into court. The provision that the appeal must be taken within a year after judgment, applies as well to appeals brought under

the first branch of said section 652 "as to those taken under the second branch, and in both cases requires the appeal to be perfected within the year by the filing of the transcript." *Johnson* v. *Stephenson, supra.*

To hold that instead of the notice provided for in the second branch (the official notice), where it is required by the terms of the statute, resort may be had to the unofficial notice provided for in the first branch, would seem to be unwarranted, for it is not for the court to determine the method of giving the notice where the legislature has prescribed a method. The statute binds the court as well as the appellant. Under all the circumstances of this case, we would be disposed still to permit the appellant to seek service and to thereby bring in the appellees, if it were possible to give such aid. The appeal is dismissed.