SOUTHERN INDIANA RAILWAY COMPANY *v.* THOMPSON.

[No. 3,863.   Filed October 9, 1901.]

APPEALS.—*Appellate Jurisdiction.*—Section 6 of the act of March 12, 1901 (§1337f Burns 1901), denying appeals in all cases where the amount in controversy is within the jurisdiction of a justice of the peace, and the construction of a statute or matters of constitutional law are not involved, governs an appeal not perfected till April 27, 1901, though the appeal was granted March 8, 1901. *pp. 367, 368.*

SAME.—*Dismissal.—Failure to File Brief.*—Where it appears from the record that the Appellate Court has no jurisdiction of an appeal, such appeal will be dismissed, although the appellee has not complied with the rules of the Appellate Court in filing a brief in support of his motion. *p. 368.*

From Jackson Circuit Court; *T. B. Buskirk,* Judge.

Action by James B. Thompson against Southern Indiana R. Co.   From a judgment for plaintiff, defendant appeals. *Appeal dismissed.*

*F. M. Trissal, J. H. Shea* and *C. E. Wood,* for appellant. *O. H. Montgomery,* for appellee.

COMSTOCK, J.—Appellee moves to dismiss this appeal for two reasons.   It is necessary to consider only the first. It is as follows:   "The amount in controversy, as shown by the complaint and judgment, is within the jurisdiction of a justice of the peace, and the cause is not appealable, and this court has no jurisdiction."

It appears from the record that judgment was rendered on March 8, 1901, against appellant, who was defendant below, in favor of appellee, for $100, upon a complaint demanding $125, for the killing of stock.   The appeal was granted March 8, 1901.   The transcript was filed in this court April 27, 1901.   On the 12th of March, 1901, an act of the General Assembly of the State, entitled "An act concerning appeals", etc. (Acts 1901, p. 565), took effect. Section six of said act, §1337f Burns 1901, is as follows:

"No appeal shall hereafter be taken to the Supreme Court or to the Appellate Court in any civil case which is within the jurisdiction of a justice of the peace, except as provided in section eight of this act." Section eight, §1337h Burns 1901, provides that "Every case in which there is in question, and such question is duly presented, either the validity of a franchise, or the validity of an ordinance of a municipal corporation or the constitutionality of a statute, State or federal, or the proper construction of a statute, or rights guaranteed by the State or federal Constitution, and which case would be otherwise unappealable by virtue of section six or section seven, shall be appealable directly to the Supreme Court, for the purpose of presenting such question only." This case is within the jurisdiction of a justice of the peace, and not within the exceptions specified.

The right to appeal is purely statutory. An appeal is the only method provided by our laws for removing a case from an inferior tribunal to one of appellate jurisdiction. It is a remedy and not a vested right. *Hughes* v. *Parker,* 148 Ind. 692; Elliott's App. Proc., §§75, 76, and note to §354. To have a perfected appeal a transcript must be filed in this court. *Dougherty* v. *Brown,* 21 Ind. App. 117.

In the case before us, the transcript was not filed until after the law denying the right to appeal had gone into effect. So that when the appeal was perfected there was no statute authorizing it.

Counsel for appellant move to strike from the files appellee's motion to dismiss this appeal, upon the ground (1) that the brief in its support does not conform in its dimensions to a rule of this court. (2) "Said brief not being filed as required by the rules, there is no brief on file. Therefore, under a familiar rule of this court, the motion should be overruled, there being no brief to support it."

The reasons upon which the motion is based appear from the record, and this court must take notice of its own jurisdiction.

Appeal dismissed.