## SANDERS et al. v. HART.

No. 2310.　　Opinion Filed December 3, 1912.

**APPEAL AND ERROR—Necessary Parties—Appearance—Jurisdiction.** All necessary parties to a proceeding in error must be brought into the appellate proceeding by summons in error or general appearance within the time allowed by statute for commencing such proceeding.

　　(a)　When not so done, this court has no jurisdiction of said action.

　　(b)　After the expiration of the time for commencing such proceeding, a necessary party having been omitted, jurisdiction cannot be conferred by the voluntary entering of the appearance of such necessary party.

(Syllabus by the Court.)

*Error from Garvin County Court;*
*W. B. M. Mitchell, Judge.*

Action by W. T. Hart against Joe Sanders and others. Judgment for plaintiff, and defendants bring error. Dismissed.

*Patchell & Henderson* and *Geo. I. Jordan,* for plaintiffs in error.

*Blanton & Andrews,* for defendant in error.

WILLIAMS, J. The defendant in error, W. T. Hart, as plaintiff, sued the plaintiffs in error, Joe Sanders, Charley West, C. H. Blankenhsip, Will Ingram, and J. W. Weatherford, as defendants, in the county court of Garvin county. The cause was tried to a jury and a verdict rendered in favor of plaintiff against defendants on January 21, 1910. On January 24, 1910, a motion for a new trial was filed. The same was continued from time to time until July 1, 1910, when the same was overruled. On January 31, 1911, this proceeding was commenced in this court by filing a petition in error, with case-made attached. In due time defendant in error moved that this proceeding be dismissed on the ground that the judgment obtained was joint against all of said defendants, and that said defendant, J. W. Weatherford, had not been made a party hereto either as plaintiff or defendant in error.

On December 5, 1911, counsel for plaintiffs in error, in response to the motion to dismiss, stated:

"That the omission of the name of J. W. Weatherford as a party plaintiff in error was an accidental oversight in counsel for plaintiffs in error in writing the petition in error, and an unintentional omission. That said Weatherford is a party in interest, that he signed the supersedeas bond for this appeal and hereby enters his appearance as one of the plaintiffs in error in this cause and agrees to be bound by the decision of the court herein."

All necessary parties to a proceeding in error must be brought into the appellate proceedings, either by summons in error or general appearance, within the time allowed by statute for commencing such proceeding, and when not so done, this court has not jurisdiction of said action. *John v. Paullin et al.,* 24 Okla. 636, 104 Pac. 365; *Haynes et al. v. Smith;* 29 Okla. 703, 119 Pac. 246; *American National Bank v. Mergenthaler Linotype Co.,* 31 Okla. 533, 122 Pac. 507.

The appeal must be dismissed.

All the Justices concur.