### RYUS v. PRICE *et al.*

No 4311. Opinion Filed May 18, 1915.

(149 Pac. 129.)

**APPEAL AND ERROR—Parties—Dismissal.** On appeal to this court, if all parties whose rights and interest would be affected by a reversal or modification of the judgment are not made parties to the appeal, the appeal will be dismissed.

(Syllabus by Brett, C.)

*Error from District Court, Washington County;*

*R. H. Hudson, Judge.*

Two actions consolidated, one by A. D. Price and another

against W. H. Ryus, the other by R. V. Myers against Al Price and others. From the judgment, Ryus brings error. Dismissed.

*J. P. O'Meara,* for plaintiff in error.

*George, Campbell & Ray,* for defendants in error A. D. Price and T. M. Price.

BRETT, C. This is an appeal from a judgment rendered in a consolidated case by the district court of Washington county. There were originally two actions filed in that court, numbered 1146 and 1502, respectively, and to the two cases there were five parties appearing either as plaintiffs or defendants, to wit, W. H. Ryus, A. D. Price, T. M. Price, R. V. Myers, and Mary J. Earles. These two suits, on motion of plaintiff in error, W. H. Ryus, and by consent of all parties, were consolidated and heard by a referee; and upon his report the district court rendered its judgment in favor of the Prices and against Ryus for $2,471.07, and in favor of R. V. Myers against the Prices for $1,335.79, and impressed a mechanic's lien in favor of Myers for a portion of this judgment, to wit, $656.46, upon certain real estate then owned by Mary J. Earles, and ordered certain property owned by Ryus to be sold under attachment proceedings to satisfy the judgment in favor of the Prices, and the proceeds of the sale be applied: (1) To the payment of costs in said consolidation action; (2) that the balance or a sufficient amount thereof to satisfy the judgment in favor of A. D. Price and T. M. Price be credited upon the judgment, but retained and paid out as follows: First, to satisfy the unsecured balance of R. V. Myers' judgment against the Prices, which is $679.32, and, if a balance remained, it was to be applied to satisfy that portion of Myers' judgment against the Prices, declared to be a mechanic's lien on the property of Mary J. Earles, and the residue, if any, be paid to the clerk of the court to await the further order of the court.

Neither R. V. Myers nor Mary J. Earles have been brought into this court on this appeal. The records show that service of the case-made was accepted by George and Campbell as attorneys for A. D. Price and T. M. Price, and that they waived the issuance and service of summons for the Prices, but the record nowhere shows that it was ever served on Myers or Earles, and there is no waiver of summons by either of them, and no summons was ever issued or served upon either of them. The record further shows they were never notified of the time and place of signing and settling the case-made, and were not present or represented by counsel, at the time it was signed and settled.

That the interest and rights of these parties would be affected by a reversal or modification of this judgment there can be no doubt. The judgment provides means for the payment of the unsecured portion of Myers' judgment against the Prices, and for the satisfaction, from other source, of the lien against the Earles property; and it was certainly necessary that they should have a chance to be heard in this court, before this court would be authorized to distribute this judgment which is manifestly to their advantage. This question has been passed upon repeatedly by this court. *Zeimann v. Bennett et al.,* 39 Okla. 344, 134 Pac. 1124; *Sanders v. Hard,* 35 Okla. 212, 130 Pac. 284; *Gwinnup v. Griffins,* 34 Okla. 117, 124 Pac. 1091.

We therefore recommend that the appeal be dismissed.

By the Court: It is so ordered.