# BURNETT v. GIBLIN, ET AL.

(No. 1467; June 4, 1928; 267 Pac. 689)

*John C. Pickett* and *E. H. Foster,* for the motions.

*Curran & Cobb, contra.*

BLUME, Chief Justice.

This case was tried by the court without the intervention of a jury in Natrona County upon issues duly joined. The court rendered judgment in favor of the defendant and dismissed the plaintiff's petition on May 4th, 1923, but the judgment was not entered of record until May 8th, 1923. A motion for a new trial was filed on May 17, 1923. This

motion was sustained on December 22nd, 1924, Judge R. R. Rose presiding. The case being about to be set down again for trial, the defendants filed a motion on August 11, 1926, to vacate the order entered by Judge Rose on December 22nd, 1924, granting a new trial, upon the ground that the motion for a new trial was not filed within ten days after the decision in the case, pursuant to Section 5872, Wyo. Comp. Stat. 1920. This motion to vacate was sustained, Judge Bryant S. Cromer presiding, on September 13, 1926. Proceedings were thereupon taken by the plaintiff to bring this case to this court for review, to review the order of August 11, 1926 and the judgment of May 4, 1923. The steps first taken were in connection with a direct appeal as distinguished from a proceeding in error. Various orders were made extending the time for filing the record on appeal, and it was finally filed on August 12, 1927. Plaintiff, however, abandoned the direct appeal and has brought this case here by petition in error, that petition being filed in this court on August 11th, 1927. A bill of exceptions was prepared and filed herein, this bill being certified by the several judges who presided in the case, at various stages thereof, the bill being presented to and allowed by Judge Cromer on August 19th, 1927. The parties will be denominated herein as in the court below.

Counsel for defendants have filed a motion to strike the bill of exceptions from the files and to dismiss the case. The first motion is based on the ground that the bill of exceptions was not prepared and presented for allowance within the time allowed by law. We held in the recent case of Jones v. Parker, (Wyo.) 264 Pac. 97, that the total time allowed a party within which to reduce his exceptions to writing and present them to the judge for allowance is 120 days. That time was, in the case at bar, exceeded by many months, and the motion to strike the bill must accordingly be sustained. The error assigned in the petition in error is that the court erred in holding that the

motion for a new trial filed May 17, 1923 was not filed in time. Inasmuch as a motion for a new trial is not a part of the record unless embodied in a bill of exceptions, and inasmuch as the bill must be stricken as above stated, it is doubtful that there is anything left for us to review. We need not decide the question, however, for the reason that the motion to dismiss the proceeding in error must be sustained on another ground.

As already stated, the petition in error was filed herein on August 11th, 1927. At the same time a praecipe for summons was filed and a summons was issued on the same day. It was attempted to be served upon the defendants personally, but they could not be found. Thereupon, and on August 26th, 1927, one of the attorneys for the plaintiff filed herein his affidavit stating "that he is one of the attorneys of record for plaintiff in error; that service of summons cannot be had upon the defendants in error in the State of Wyoming." An alias summons was issued on the same day, and thereafter a notice was published in a newspaper published in Natrona County, Wyoming, for three consecutive weeks, commencing with September 9th, 1927, and ending with September 23rd, 1927, advising the defendants of the filing of the petition in error herein. The notice is defective in not containing the date of the filing of the petition in error herein, but we need not consider that point further. The important question is, as to whether or not any authority existed for giving constructive notice, as was done in this case. Section 6373, Wyo. Comp. Stat. 1920 provides, among other things:

"Thereupon a summons shall issue and be served in the manner provided by law for the service of summons in civil actions, and service on the attorney of record in the original case shall be sufficient. * * * Upon filing with the petition in error an affidavit of the plaintiff in error, his agent or attorney, that service of summons cannot be made within this state as in this section provided, upon defendant or certain defendants * * * service may be made by publishing in a newspaper" etc.

Section 5636, Wyo. Comp. Stat. 1920, subdivision 7, provides that service by publication may be had:

"When a defendant in a petition in error has no attorney of record in this state and is a non-resident of, and absent from the same" etc.

Construing these provisions in *pari materia*, it would seem to be clear that constructive service is authorized only when service cannot be made either upon the parties or their attorney or attorneys of record. Now it appears by affidavit, not controverted, that W. J. Wehrli was one of the attorneys of record in this case in the court below, and that he was a resident of, and in, this state, when the petition in error was filed, and when the notice by publication was given, and that he has been in this state ever since. Constructive notice may be given only in the cases allowed by statute. 32 Cyc. 467. The constructive notice given herein was, accordingly, insufficient to bring the case here for review. Shoefer v. Nelson, 17 Ind. App. 489, 46 N. E. 1021; Dougherty v. Brown, 21 Ind. App. 115, 51 N. E. 729; Daily v. Deinhart, 22 Ind. App. 697, 53 N. E. 1135; see also Chamberlain v. O'Keefe, 2 Mich. 357. It is argued, however, that the motion filed herein by the defendants to strike the bill of exceptions constituted a general appearance and a waiver of service of notice. The filing of such motion constituted, perhaps, a general appearance. 3 C. J. 1242, 1248. But it was not filed herein till January 27, 1928, more than 60 days after the summons in this case was issued. A petition in error must be brought within one year from the rendition of the judgment or final order complained of. Sec. 6384, Wyo. Comp. Stat. 1920. And to constitute the commencement of a proceeding in error, service of summons or notice must be had upon the defendants in error, who are necessary parties, within sixty days after the petition in error is filed. Sec. 6373, supra. Unless both of these requisites are complied with, this court does not acquire jurisdiction of the cause. Pioneer Canal

Co. v. Akin, 27 Wyo. 88, 192 Pac. 680, 193 Pac. 734; Sanders v. Hart, 35 Okl. 212, 130 Pac. 284. And in order that a waiver of service, of summons or notice, or a general appearance, may take the place of actual service, such waiver or general appearance must be made within the time above mentioned. Wedd v. Gates, 15 Okl. 602, 82 Pac. 808; School District v. Fisher, 23 Okl. 9, 99 Pac. 646; Sanders v. Hart, supra; In re Comb's Estate, 62 Okl. 33, 161 Pac. 801; Security T. & S. B. Co. v. Gallup, 195 Iowa 243, 191 N. W. 996; National Surety Company v. Button, 41 Ind. App. 301, 83 N. E. 644; Callander v. Hopkins, 97 Okl. 41, 222 Pac. 672. If the motion to strike the bill of exceptions constituted a general appearance, it was not made or filed within the time allowed for instituting proceedings in error, and will not, accordingly, help the plaintiff. The motion to dismiss must also, accordingly, be sustained. It is so ordered.

KIMBALL and RINER, JJ., concur.