## STEINMETZ v. LUCAS.

[No. 13,422. Filed January 4, 1929. Rehearing denied March 21, 1929.]

*Butler & Butler, Joseph N. Tillett* and *Condo & Batton,* for appellant.

*Meade S. Hays* and *Russell J. Wildman,* for appellee.

NICHOLS, J.—Appellee enters his special appearance for the sole purpose of filing and presenting his verified motion to dismiss the appeal herein, and in support of his motion says that the cause was tried in the Grant Circuit Court, and after a verdict for appellee, appellant filed his motion for a new trial, which was overruled on February 16, 1928, and on said date, final judgment was rendered against appellant on the verdict, and appellant prayed an appeal to this court, which was granted upon filing appeal bond in the penal sum of $12,000 within sixty days; 120 days were given for filing all bills of exceptions; that appellant never filed any appeal bond, but he did procure a transcript of the evidence in said cause, and filed the same with the clerk of this court on August 11, 1928; that on April 27, 1928, appellant served a notice of appeal upon appellee's attorney of record, and that on April 20, 1928, a like notice was served on the clerk of the Grant Circuit Court, and no other or different notice of said appeal has ever been served upon

appellee or his attorneys; that appellant never filed any *praecipe* with the clerk of this court for the issuance of notice of appeal, and that this cause has now been on docket for more than ninety days without there being an appearance by appellee, and that appellant has not taken any steps to bring appellee into court, or to cause any notice of appeal to be issued or served on appellee, and that, by reason of each of said facts, the appeal should be dismissed, at the costs of appellant.

Appellant states the facts substantially as above, but says that, at the time the transcript and the assignment of errors were filed with the clerk of this court, the clerk examined the same and declared the notices served below were sufficient, and entered upon the docket of this cause the date of the filing of the transcript and the assignment of errors and also the notation "notices served below."

Appellant further says that, in giving said notices and in perfecting said appeal as aforesaid, he and his attorneys believed and assured themselves they were proceeding by the law of procedure governing the taking of vacation appeals in civil cases, and did convince themselves, and were thereby assured, that they were in all things perfecting such appeal and giving the unofficial notice thereof in full and strict compliance with the statutes of the state, and, acting with such knowledge, filed said transcript, and were assured by the clerk of this court that the required notices had been given as shown by the record of the transcript, and the cause was thereupon docketed and recorded by the clerk of the court as a pending appeal, with notice given below; and appellant and his attorneys as aforesaid, depending upon the provisions of the statute and the docket entries of said cause, and not being advised of and not having their attention called to Rule 2 of this court, were thereby assured and believed, and had reason to believe, that

jurisdiction of appellee in this cause had been legally and effectually obtained.

The statute with which appellant undertook to comply is that part of §700 Burns 1926, which provides: "After the close of the term at which the judgment was rendered, an appeal may be taken by the service of a notice in writing on the adverse party or his attorney, and also on the clerk of the court in which the proceedings were had, stating the appeal from the judgment or some specific part thereof." Rule 2 of this court, with which appellant was unacquainted, provides: "If notice of an appeal not taken in term, shall be given below, the transcript must be filed in the clerk's office within sixty days from the time of giving such notice, and before the expiration of the time allowed for the taking of the appeal, or the notice shall be without effect. But if the time for taking an appeal has not expired, a notice may be issued and served as in other cases of vacation appeals."

The transcript which appellant filed with the clerk had the notices which appellant had served attached thereto, by which it appeared that it had been 111 days since notice was served on the clerk below; and 104 days since notice was served on appellee. With full knowledge of these facts, appellant cannot be heard to say that he was misled by the clerk's assurance that proper notice had been given, and by the clerk's notation, "Notice served below."

Appellant cites *Tate* v. *Hamlin* (1895), 149 Ind. 94, 41 N. E. 356, 1035, as an authority to sustain his contention that he is entitled to relief because of accident or mistake, but, in that case, there was a clear misprision of the clerk, uninvited by appellant or his attorneys, while here, whatever misapprehension the clerk had must have resulted from misinformation given him by appellant. In the opinion on rehearing in the Tate case,

the court said, on page 105, that it did not intimate, nor intend to intimate, that a failure to comply with the regulation provided by statute or the rules of the court in taking and perfecting appeals could be excused on the ground that the party or his attorney did not or could not understand the law or the rule of the court.

It is well settled that the mistake which will relieve an appellant must be one of fact. *Chicago, etc., R. Co.* v. *Priddy* (1917), 65 Ind. App. 552, 108 N. E. 238, 115 N. E. 266. There was no mistake of fact here, but of law, in that appellant was not advised as to the provision of Rule 2 of the rules of this court, and it has been numerously decided that such rules have the force and effect of law. Rule 36 of this court provides that, "where a case not appealed in term has been on the docket ninety days or more, and there is no appearance by the appellee, and no steps have been taken to bring him into court; or where a notice has been issued and proves ineffectual for any cause, and no steps are taken for more than ninety days after the issuance of such ineffectual notice to bring the appellee into court, the clerk shall enter an order dismissing the appeal."

The Supreme Court, in *Cole* v. *Franks* (1897), 147 Ind. 281, 46 N. E. 532, speaking of this rule said: "This rule would seem to govern in the case before us. The cause was appealed in vacation, and was placed on the docket June 19, 1896. Not until long after ninety days from this date, and not until steps were taken by appellees to have the appeal dismissed, did appellants take any steps to bring the appellees into court. It was then too late to give notice; and though the clerk did not enter an order of dismissal when the cause had been on the docket ninety days, yet the court will make such order so soon as its attention is called to the failure of appellant to give timely notice of the appeal."

This statement of the court is quoted in *Chicago, etc., R. Co.* v. *Priddy, supra,* where numerous authorities are cited to the same effect.

Appeal dismissed.