WILSON ET AL. *v.* HAYNES ET AL.

[No. 15,581.   Filed January 6, 1936.]

*Chester C. McGuire,* for appellants.

*Jesse W. Gammon* and *Menczynski & Tomsich,* for appellees.

CURTIS, C. J.—This is an attempted appeal from a final judgment of the Lake Superior Court of Lake

County, Indiana, entered on the 13th day of January, 1935. A motion for a new trial was filed February 9, 1935, and overruled on February 26, 1935. The appeal was originally attempted as a term time appeal but not perfected as such and an attempt was then made by the appellant to perfect a vacation appeal. The transcript was filed in the clerk's office of this court on the 24th day of August, 1935. There has been no attempt whatever made by the appellants since said time to have notice served upon the appellees out of this court in what is often referred to as the "official way" of giving notice of a vacation appeal. The only notice to the appellees upon which the appellants rely is a notice served by the appellants' attorney upon the appellees or their attorneys below on the 26th day of August, 1935, by what is often termed the unofficial way of serving notice of a vacation appeal. This notice is thus seen to have been served at least two days after the transcript had been filed in this court. The unofficial notice thus relied upon by the appellants can not be given after the transcript is filed in this court. Notice in the "official way" must be given after the transcript is filed in this court, and notice in the unofficial way as attempted by the appellants in the instant case after the transcript is filed in this court is no notice, and this court therefore does not have jurisdiction of the appellees so served. The court is therefore powerless to do more than to dismiss the appeal. This question has been decided many times by the Supreme Court and this court, and we do not deem it necessary to multiply authorities. See the recent case of *Gainey et al.* v. *Hasler* (1932), 95 Ind. App. 209, 183 N. E. 130.

Rule 36 of the Supreme Court and this court provides that "Where a case not appealed in term has been on the docket ninety days or more, and there is no appearance by the appellee, and no steps have been taken to bring him into court; or where a

notice has been issued and proves ineffectual from any cause, and no steps are taken for more than ninety days after the issuance of such ineffectual notice to bring the appellee into court, the clerk shall enter an order dismissing the appeal." The record discloses that the appeal time has long passed and that the appellants have wholly failed to bring the appellees into court.

The motion of certain of the appellees filed under a special appearance on December 20, 1935, to dismiss this appeal is sustained. The court has examined the record as to notice as to each of the other appellees. They were served with notice exactly the same as those appellees who filed the motion to dismiss. The appeal is therefore dismissed as to all appellees.

Appeal ordered dismissed.