KELLEY, GLOVER, VALE REALTY COMPANY *v.* KRAMER ET AL.

[No. 26,731. Filed March 18, 1937.]

*George E. Hershman,* for appellant.

*Jones, Hammond, Buschman & Gardner, Gavit, Hall, Smith & Gavit, Walter Myers* and *Sheehan & Lyddick,* for appellees.

TREANOR, J.—This is an appeal from an interlocutory order appointing a receiver without notice for The Avalon Apartment Company of Gary, Inc., upon the petition of appellee Kramer, and appellee Kiser, Cohn & Shumaker, both of whom had been permitted to intervene in a proceeding brought by Thomas E. Garvin, as receiver of the Meyer-Kiser Bank, to procure the appointment of a receiver for the apartment company with notice. The petition for appointment of a receiver without notice, which was granted, was filed in the proceeding brought by Garvin for the appointment of a

receiver with notice. Appellant was also a party to the proceeding brought by Garvin, having filed, in that proceeding, a cross-complaint which it subsequently dismissed and also having filed demurrers to the complaint of Garvin and to an intervening petition of Kramer. Appellant was not a party to the proceeding from which this appeal is prosecuted and had no notice of the filing of the petition upon the bases of which the receiver was appointed. The receiver was appointed on June 27, 1936. On July 7, 1936, appellant filed its assignment of errors, alleging the following errors:

1. The Jasper Circuit Court erred in appointing a receiver in said cause in term time without notice.

2. That the order entered by the Jasper Circuit Court appointing a receiver in said cause without notice, is not sustained by sufficient evidence.

3. That the order entered by the Jasper Circuit Court appointing a receiver without notice, is contrary to law.

4. That the Jasper Circuit Court erred in appointing a Receiver for the Avalon Apartment Company and ordering and directing this appellant to turn over to said Receiver, certain real estate owned by appellant, without notice or an opportunity to be heard in court.

On July 8, 1936, The Avalon Apartment Company of Gary, Inc., as appellee, filed in this court an assignment of cross-errors which, by order of court, was attached to the transcript and alleged five specifications of error in the appointment of a receiver without notice.

Appellees Kramer and Kiser, Cohn & Shumaker have separately and severally moved to dismiss the appeal and the cross-errors assigned. The grounds for the dismissal of the appeal of appellant, Kelley, Glover, Vale Realty Company, are in substance, as follows:

1. Appellant has no appealable interest.

2. Appellant has not made the receiver a party upon appeal.

3. Appellant has saved no exception to the order of appointment.

4. Appellant was not a party to the petition upon which the Receiver was appointed.

5. Appellant's remedy, if any, was by making a motion to modify the order appointing a receiver so far as it attempted to control the possession of real estate claimed by appellant, and appealing from the overruling of such a motion.

The grounds urged for dismissing the cross-errors are, in substance, as follows:

1. Notice of the assignment of cross-errors was not given within ten days of the appointment of the receiver.

2. The Avalon Apartment Company, of Gary, Inc., did not except to the order of appointment.

3. The relief asked, a reversal of the order appointing a receiver, can be had only by appeal from the order; not by assigning cross-error, the function of which is to "sustain the judgment below by showing that because of errors other than those relied upon by appellant the judgment must be affirmed, or that, in the event that appellant succeed in procuring a reversal, directions be given to the trial court that will prevent a recurrence of these intervening errors not questioned by the appellant.

4. The receiver has not been made a party by either the assignment of errors or the assignment of cross-errors.

In support of its right to appeal from the order appointing a receiver, appellant points out that the petition for appointment of a receiver without notice contains the statement that "appellant purchased the real estate and improvements of the Avalon Apartment Company and that said appellant holds tax deeds for such property" and that the petition alleged "that in truth and in fact said alleged tax deeds are wholly ineffectual and void." Appellant also points out that by the order of appointment appellant and the defendant corporation were ordered to surrender and deliver up to the receiver all assets of the defendant corporation including particularly the real estate, specifically described, for which, as alleged, appellant held tax deeds. Appellant contends that the petition "was, in effect,

asking the court to pass upon the rights and interests of this appellant in said real estate without giving appellant a right to be heard"; that the order "was an order directly affecting the rights and interests of appellant" and appellant was "one of the parties aggrieved by such order" within the meaning of §3-2603 Burns' Ind. St. Ann. 1933, which permits "the party aggrieved" to appeal from the decision of the court in a case "in which a receiver may be appointed or refused."

The record shows no appealable interest in the appellant, Kelley, Glover, Vale Realty Company. This company asserts no interest either as a stockholder or as a creditor of the insolvent corporation, The Avalon Apartment Company, for which the receiver was appointed. The appellant's alleged interest in the real estate of the corporation rests upon a tax deed and alleged possession. The jurisdiction of the Jasper Circuit Court under a petition for the appointment of a receiver without notice did not include the power to adjudicate either appellant's claim under the alleged tax deed or its right to possession. To the extent that the order appointing the receiver without notice purported to divest appellant of its right of possession or to qualify its claim under the alleged tax deed such order was a nullity. Consequently, the Kelley, Glover, Vale Realty Company suffered no legal injury either by reason of the order or by its own failure to take steps to obtain a modification of the same. If Kelley, Glover, Vale Realty Company is in actual possession of any property to the possession of which The Avalon Apartment Company was entitled, the receiver would have authority, under the order of the appointing court, to take proper legal action to recover same; but the order appointing the receiver could not authorize summary dispossession of the Kelley, Glover, Vale Company without its day in court. Nor could the order to any

extent limit the interest of Kelley, Glover, Vale Realty Company in property owned or claimed by The Avalon Apartment Company. A court can appoint, without notice, a receiver for a named defendant, but cannot in such action adjudicate conflicting claims of third parties and the defendant for whom the receiver is being appointed.

The Kelley, Glover, Vale Realty Company was not a party to the receivership proceeding and since its interests were not affected by the order appointing the receiver, it is not an "aggrieved party" within the meaning of the statute. Therefore it cannot prosecute this appeal. The motion to dismiss the appeal is granted and the appeal is dismissed.

We also conclude that the effort of appellee Avalon Apartment Company to assert cross-errors is ineffectual. Several grounds for dismissal of the assignment of cross-errors are urged. We need not consider all of these since at least two are conclusive. The cross-errors were filed July 7 and on July 8 the attorneys of the Avalon Apartment Company gave notice to attorneys of its co-appellees. Such unofficial notice given after the filing of the assignment of cross-errors cannot be legally effectual.[1]

Furthermore the record shows that the briefs in support of the assignment of cross-errors were not filed within sixty (60) days of the assignment. And under Rule 21 of the Rules of the Supreme and Appellate Court such assignment must be stricken out.

The appeal is ordered dismissed as to the Kelley, Glover, Vale Realty Company, and the assignment of cross-errors by the Avalon Apartment Company is ordered stricken from the record of this case.

1. *Gainey* v. *Hasler* (1932), 95 Ind. App. 209, 183 N. E. 130.